HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* O'DONNELL.

No. 406. Argued February 9, 10, 1938.—Decided March 7, 1938.

*Assistant Solicitor General Bell,* with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Messrs. Sewall Key* and *A. F. Prescott* were on the brief, for petitioner.

*Mr. A. Calder Mackay,* with whom *Mr. Thomas R. Dempsey* was on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Respondent, Thomas A. O'Donnell, owned one-third of the capital stock of the San Gabriel Petroleum Company. By contract of January 9, 1918, he sold this stock to the Petroleum Midway Company, Ltd. As consideration, the Midway Company agreed to pay to respondent one-third of the net profits from the development and operation of the oil and gas properties then owned by the San Gabriel Company and which the Midway Company agreed to acquire. That acquisition was made, the properties thus acquired were developed and operated, and one-third of the net profits thus derived were paid to respondent to August 4, 1926. With respect to such payments in the years 1925 and 1926, respondent claimed deduction for depletion, which the Board of Tax Appeals allowed, overruling the Commissioner of Internal Revenue. 32 B. T. A. 1277. The Circuit Court of Appeals affirmed the decision of the Board. 90 F. (2d) 907. We granted certiorari. See *Helvering* v. *Bankline Oil Co., ante,* p. 362.

The question is whether respondent had an interest, that is, a capital investment, in the oil and gas in place. Revenue Act of 1926, § 204 (c) (2); § 214 (a) (9). *Palmer* v. *Bender,* 287 U. S. 551, 557; *Helvering* v. *Twin Bell Syndicate,* 293 U. S. 312, 321; *Thomas* v. *Perkins,* 301 U. S. 655, 661; *Helvering* v. *Bankline Oil Co., supra.* As a mere owner of shares in the San Gabriel Company, respondent had no such interest. Treasury Regulations No. 69, Art. 201. The ownership of the oil and gas properties was in the corporation. When the Midway Company acquired these properties from the San Gabriel Company and operated them, the Midway Company became the owner of the oil and gas produced. It was the owner of the gross proceeds or income upon which the statutory allowance for depletion was to be computed.

372

*Helvering* v. *Twin Bell Syndicate, supra.* The agreement to pay respondent one-third of the net profits derived from the development and operation of the properties was a personal covenant and did not purport to grant respondent an interest in the properties themselves. If there were no net profits, nothing would be payable to him. No trust was declared by which respondent could claim an equitable interest in the *res.* As consideration for the sale of his stock in the San Gabriel Company respondent bargained for and obtained an economic advantage from the Midway Company's operations but that advantage or profit did not constitute a depletable interest in the oil and gas in place. *Palmer* v. *Bender, supra; Helvering* v. *Bankline Oil Co., supra.*

The judgment of the Circuit Court of Appeals is reversed and the cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration and decision of this case.