ROCKY MOUNTAIN DEVELOPMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83849. Promulgated December 6, 1938.

*Harry C. Weeks, Esq.,* for the petitioner.
*John H. Pigg, Esq.,* for the respondent.

TYSON: For the calendar year 1933 the respondent determined a deficiency of $1,374.23 in income tax and of $215.09 in excess profits tax.

The errors assigned by petitioner are:

(1) That respondent erred in his method of determining petitioner's taxable income received from certain "oil payments."

(2) That respondent erred in failing to allow depletion with respect to sums received from "oil payments."

(3) That respondent erred in determining that petitioner was liable for any excess profits tax.

The respondent admits the petitioner's first assignment of error, denies petitioner's second and third assignments, and affirmatively alleges that he erred in not determining that petitioner derived gross income from "oil payments" during 1933 in the amount of $18,927.23; that from such gross income petitioner is entitled to a deduction for depletion in the amount of $6,552.66; and that petitioner derived and/or realized a net income from "oil payments" and/or from the property during 1933 in the amount of $12,374.67.

The respondent also affirmatively alleges that there are additional deficiencies in income and excess profits taxes in the respective amounts of $238.95 and $86.89 and that the correct deficiencies in controversy in this proceeding are $1,613.18 in income tax and $301.98 in excess profits tax and prays that the Board redetermine the deficiencies to be in such increased amounts for the year 1933.

In its reply the petitioner denies each of the respondent's affirmative allegations of his own error and also the latter's allegation as to additional income and excess profits taxes.

This proceeding has been submitted upon the pleadings and a stipulation of facts which is incorporated herein by reference. Only such parts thereof as are deemed necessary to decision are set out herein.

The petitioner, a Texas corporation, organized in 1932, is engaged in the business of exchanging oil well equipment for stipulated amounts to be paid from portions of the oil produced from the property upon which the exchanged equipment is to be installed. Such payments were contingent and receivable by petitioner only as, if, and when oil was produced and saved from such property.

In pursuing such business, and by such method, petitioner acquired, during 1932 and 1933, 11 of the 13 oil payment contracts here involved and acquired the other two contracts from its incorporators through the issuance to them of all its capital stock. The cost to the incorporators of each of the two contracts was the actual cost, to them, of oil equipment exchanged therefor.

The parties are in agreement as to the petitioner's cost basis, which in each of the 13 contracts is the actual cost of the oil equipment exchanged therefor. The stipulation sets forth a tabulation which shows as to each of the 13 oil payment contracts acquired during 1932 and 1933 (A) the lease to which the oil payment contract applied, (B) the gross amount of the oil payment contract, (C) the cost to petitioner, or its incorporators, of the equipment exchanged, and (D) the amounts of the payments received (collected) by petitioner during each of the years 1932 and 1933.

In determining the deficiencies in income and excess profits tax as shown in the deficiency notice the respondent included in income the excess of the fair market value of the oil payment contracts acquired in 1933 as determined by him, over the cost thereof to petitioner, and added thereto the total oil payments received in 1933 less the portion of such payments determined by the respondent to represent a return of cost to petitioner.

The respondent now contends that the total amount of oil payments received (collected) by petitioner on all of its contracts during 1933 should be included in gross income and that on such amount the petitioner is entitled to a deduction for depletion measured either by cost depletion or percentage depletion, whichever is the greater.

The petitioner contends that the oil payments received should first be applied to the recoupment of cost, that only the excess of such payments over cost should be included in income, and that upon such latter amount it is entitled to depletion at the rate of 27½ percent.

Upon authority of *Cook Drilling Co.*, 38 B. T. A. 291, we hold that the respondent erred in his determination that for 1933 the petitioner realized a taxable gain in an amount computed by the respondent as representing the difference between the cost of the oil payment contracts acquired in 1933 and his determined fair market value of such contracts when acquired and, further, in adding thereto the total oil payments received in 1933 less the portion of such payments determined by respondent to represent a return of cost to petitioner.

The oil payment contracts acquired during 1932 and 1933 by petitioner, in exchange for oil well equipment, provided for contingent future payments out of the proceeds of oil if, as, and when produced and saved from the properties to which those contracts applied. The petitioner's right to receive such future oil payments and thus recoup its cost and realize taxable profits, if any, was wholly contingent upon the happening of future events which, because indeterminable, might never occur. The consideration received by petitioner for its sales of equipment during 1932 and 1933, being the right to receive such contingent oil payments, was not the equivalent

of cash because the promise to make such oil payments had no definitely ascertainable fair market value. The transactions were not closed in either of those years and the gain or loss on them could not have been then ascertained with any degree of certainty. As to each of its oil payment contracts, the petitioner was entitled to recover the cost thereof before being chargeable with any taxable gain thereon. *Burnet* v. *Logan*, 283 U. S. 404; *Commissioner* v. *Speyer*, 77 Fed. (2d) 824, affirming *James Speyer*, 30 B. T. A. 517; *Teck Hobbs*, 26 B. T. A. 241; and *E. F. Simms*, 28 B. T. A. 988. We hold that, for the purpose of determining the petitioner's taxable gain from all of its various oil payment contracts during the taxable year 1933, the payments actually received (collected) by petitioner during that year under each contract, respectively, must first be applied to petitioner's recoupment of its cost of each contract, respectively, and, further, that any excess of such payments received on each contract during 1933 over the cost of such contract, respectively, must be included in petitioner's gross income for that year.

The petitioner's contention that it is entitled to a deduction for depletion at 27½ percent on the excess of payments received over the cost of its contracts must be denied. In *Cook Drilling Co.*, *supra*, we said:

The statutory allowance for depletion is predicated upon the receipt of gross income from the operation of oil and gas wells, by one who has a capital investment in the oil and gas in place and may not be allowed to one who has no such capital investment but only an income derived from production, through a contractual relation or personal covenant with the owner of the mineral deposit. *Helvering* v. *Bankline Oil Co.*, 303 U. S. 362; *Helvering* v. *O'Donnell*, 303 U. S. 370; *Helvering* v. *Elbe Oil Land Development Co.*, 303 U. S. 372.

The petitioner's oil payment contracts called only for certain payments out of oil in consideration for the equipment sold by the petitioner and did not grant or convey to petitioner an interest in the leases themselves or the oil and gas in place. The record does not disclose any assignments to petitioner of an interest in the oil and gas in place or the leases themselves. Consequently, neither prior to nor by reason of its acquisition of the oil payment contracts in question, did the petitioner own any interest in the oil and gas in place or the leases to which those contracts applied. Upon authority of *Cook Drilling Co.*, *supra*, we hold that the petitioner is not entitled to depletion on that part of the oil payments received during the taxable years which was in excess of the cost to petitioner of its respective oil payment contracts.

The petitioner's assignment of error as to its liability for excess profits tax merely relates to the amount of such tax, which, being

dependent upon the redetermination of the correct amount of petitioner's taxable income, if any, for the year in question, will be determined upon the recomputation under Rule 50.