PEARL OIL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86415.   Promulgated June 23, 1939.

*L. A. Luce, Esq.*, for the petitioner.
*Hugh Brewster, Esq.*, for the respondent.

150

OPINION.

BLACK: The petitioner assails the action of the Commissioner in disallowing percentage depletion for each of the taxable years. The respondent denies that he erred in the matters complained of.

Paragraph 12 of the stipulation which has been filed says that "The respondent has allowed cost depletion for the years 1932 and 1933. The petitioner is claiming in this proceeding deductions for only the excess of statutory percentage depletion over and above the amount of cost depletion heretofore allowed by the respondent."

We have carefully examined the statement which is attached to the deficiency notice and is a part thereof, and it does not show that the Commissioner has allowed any depletion based on cost as to the $10,860.42 collected on the judgment in 1932 and the $51,252.97 collected on the judgment in 1933. On the contrary, this statement shows that the Commissioner in his determination expressly disallowed any depletion on these judgment payments. In his determination of the deficiency, the Commissioner has allowed depletion of $1,049.69 for 1932 and $289.98 for 1933. In each case it was stated by him that the depletion allowed was on an "overriding royalty." But be this as it may, the Commissioner does not here contend that any depletion he has allowed should be disallowed and that the deficiency should be increased. Therefore, the depletion which the Commissioner has already allowed to petitioner in his determination of the deficiency, whatever the basis of it was, will remain undisturbed.

The case has been submitted to us as if it involves the issue as to whether petitioner had such an "economic interest" in the oil production as to entitle it to percentage depletion on the payments received in pursuance of the judgment of the court. We shall so treat the issue.

When petitioner sold and assigned to Paul Vitek, trustee, the lease on 133.3 acres of the Eaton land, it was an outright sale for $250,000, payable in promissory notes secured by valid liens upon the property. No interest in the oil to be produced was reserved by petitioner, such as in those cases where the seller is to be paid a certain sum out of oil, if and when produced, and if the oil is not produced, then the payment is never to be made. In this latter kind of cases, the Board and the courts have held that depletion is allowable on the contingent oil payments when received. *Chester Addison Jones*, 31 B. T. A. 55; *Commissioner* v. *Williams*, 82 Fed. (2d) 328; *Commissioner* v. *Elliott Petroleum Co.*, 82 Fed. (2d) 193; *Fleming* v. *Commissioner*, 82 Fed. (2d) 324.

But where the obligation for payment is unconditional and is a personal liability of the purchaser, no depletion is allowable even though the obligation is discharged out of proceeds from oil produced on the premises. Such is merely a payment on account of the agreed consideration for the sale of a capital asset. Cf. *Macon Oil & Gas Co.*, 23 B. T. A. 54; *Lester W. Fritz*, 28 B. T. A. 408; *Darby-*

*Lynde Co.* v. *Alexander,* 51 Fed. (2d) 56; certiorari denied, 284 U. S. 666; *Rocky Mountain Development Co.,* 38 B. T. A. 1303.

Therefore, it is perfectly clear that if petitioner had been paid any of the notes executed by Paul Vitek, trustee, petitioner would have been entitled to no depletion on such payments, even though they had been made out of oil produced on the premises. Petitioner would have been merely collecting the unpaid purchase price due it from the sale of a capital asset.

But Paul Vitek, trustee, died without the payment of any of the notes in question and petitioner had to sue on its notes in court and ask for a foreclosure of its liens on the property in question. The suit was compromised between petitioner and the several corporations which were then the owners of the property, subject to petitioner's liens. By this compromise, petitioner secured a judgment against the several corporations named therein for $150,000 and a foreclosure of its liens, to be satisfied out of a part of the gross oil production from the premises. We do not think that this compromise agreement and judgment of foreclosure means that petitioner became the owner of any depletable interest in the oil to be produced. It was merely protected in its rights as a lien holder by the judgment of the court.

The judgment of the court, as we view it, gave petitioner no greater interest in the property than it had before, but merely described the method and manner of the discharge of petitioner's liens on the property in question, including the oil to be produced from the premises. The facts show petitioner to be a lien holder against the oil properties in question rather than one who has withheld from the operation of the grant which it has made a percentage of the oil to be produced. Cf. *Thomas* v. *Perkins,* 301 U. S. 655.

Petitioner in its brief relies largely upon the broad and sweeping language of the Supreme Court in *Palmer* v. *Bender,* 287 U. S. 551, in which the Court, in discussing the statute which allows depletion on oil and gas, among other things said:

The allowance to the taxpayer is not restricted by the words of the statute to cases of any particular class or to any special form of legal interest in the oil well. * * * The language of the statute is broad enough to provide, at least, for every case in which the taxpayer has acquired, by investment, any interest in the oil in place, and secures, by any form of legal relationship, income derived from the extraction of the oil to which he must look for a return of his capital.

Certainly the above language of the Supreme Court is very broad and sweeping and if it stood without limitation perhaps it might be plausibly argued in the instant case that petitioner had such an "economic interest" in the oil to be produced as to entitle it to de-

pletion. But the Supreme Court in subsequent decisions has, in our judgment, very considerably narrowed the broad and sweeping language quoted above from *Palmer* v. *Bender*. See *Helvering* v. *Elbe Oil Land Development Co.*, 303 U. S. 372; *Helvering* v. *O'Donnell*, 303 U. S. 370; *Helvering* v. *Bankline Oil Co.*, 303 U. S. 362.

The Supreme Court, in the *Elbe Oil Land Development Co.* case, among other things said:

> The words "gross income from the property" as used in the statute governing the allowance for depletion means gross income received from the operation of the oil and gas wells by one who has a capital investment therein—not income from the sale of the oil and gas properties themselves. See *Darby-Lynde Company* v. *Alexander*, 51 Fed. (2d) 56. We conclude that, as respondent disposed of the properties, *retaining no investment therein*, it was not entitled to make the deduction claimed for depletion. [Citing cases.] [Italics ours.]

As we have already pointed out, when petitioner sold the leases in question to Paul Vitek, trustee, it retained no investment interest therein. And, for reasons which we have endeavored to point out, we do not think that petitioner acquired any capital investment in the oil in place by reason of the compromise agreement which was entered into and was approved by the court and made the basis for its judgment. We therefore hold that petitioner is not entitled to the additional deductions for which it contends in its assignments of error.

Respondent states in his deficiency notice that the petitioner's full cost of the property sold was deducted in 1931. Nothing to the contrary has been shown in the instant case. Therefore since we have held that petitioner is not entitled to percentage depletion, there is nothing further to deduct in the way of capital costs of the lease in question.

In addition to *Palmer* v. *Bender*, *supra*, the petitioner cites in support of its contentions, *Wilbert Mineral Corporation*, 38 B. T. A. 355, and *Transcalifornia Oil Co., Ltd.*, 37 B. T. A. 119. We have examined both of these cases carefully and we think they are distinguishable on their facts. We find nothing in them contrary to the conclusions which we have here reached. The effect of our decision in disallowing the additional depletion deductions claimed by petitioner is to affirm the deficiencies as determined by the Commissioner.

*Decision will be entered for the respondent.*