## COMMISSIONER OF INTERNAL REVENUE v. CRAWFORD.

### No. 10835.

#### Circuit Court of Appeals, Ninth Circuit.

#### April 21, 1945.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, Hilbert P. Zarky, and Maryhelen Wigle, all of Washington, D. C., for petitioner.

Sidney D. Krystal and Oscar Moss, both of Los Angeles, Cal., for respondent.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner seeks a review of the Tax Court's order holding that the taxpayer, owner of California oil land, who has made two leases of portions thereof to the Standard Oil Company of California, the lessee to drill for and produce oil therefrom, which leases are terminable by breach of the drilling and other agreements of the lessee, is entitled to depletion deductions for the agreed royalty of a percentage of the net profits of the lessee from its sale of oil extracted from the leased land. The tax years in question are 1938, 1939, and 1940.

The Tax Court relied, in part, upon our decision in Commissioner of Internal Revenue v. Felix Oil Co., 144 F.2d 276, in which we decided that such a lessor is entitled to such deductions for the tax years 1938 and 1939 as a part of the "gross income from the property" under § 114(b) (3) of the Revenue Code. 26 U.S.C.A. Int.Rev.Code, § 114(b) (3). This same section is controlling for the tax year 1940.

Petitioner's brief and argument in the instant case present the same argument, based upon the same authorities, as in the Felix case, save that it cites the recent case of Commissioner of Internal Revenue v. Kirby Petroleum Co., 5 Cir., 148 F.2d 80, 83, Judge Hutcheson dissenting.

In that case the majority opinion states of such a payment of net profits as here reserved that it "is not the payment in kind of royalty oil or its equivalent" and contends that the net profit from the operation and sale of the oil paid to the owner of the land is not part of the gross income the landowner receives from the property. Unless the majority opinion can be distinguished on the ground that in Texas the title to the oil passes to the lessee,[1] whereas in California[2] it remains in the lessor, we are not in accord with its holding.

The Supreme Court cases relied upon in the Kirby Petroleum case are all based on the absence of a property interest in the oil property at the time the income from its sale is paid. In Helvering v. O'Donnell, 303 U.S. 370, 58 S.Ct. 619, 620, 82 L.Ed. 903, as here, "The question is whether respondent [taxpayer] had an interest, that

[1] Theisen v. Robinson, 117 Tex. 489, 510, 8 S.W.2d 646, 651; Group No. 1 Oil Corporation v. Bass, 283 U.S. 279, 281, 51 S.Ct. 432, 75 L.Ed. 1032.

[2] Under California law the owner of oil land, who leases it for oil production with a royalty interest therein, retains his fee therein. The lessee has a profit à prendre in the right to take the oil. If the owner transfers to another his right to collect the royalty, the owner retains the title in the land and the transferee of the royalty has an easement therein. Callahan v. Martin, 3 Cal.2d 110, 123, 124, 43 P.2d 788, 101 A.L.R. 871.

is, a capital investment, in the oil and gas in place." It was held that the taxpayer's prior interest was merely that of a stockholder in the corporation owning the oil land and that, as stockholder, he did not have any capital interest in the corporation's property. Hence he was not entitled to depletion on the "one-third of the net profits [derived] from the development and operation of the * * * properties."

In Helvering v. Elbe Oil Land Development Co., 303 U.S. 372, 58 S.Ct. 621, 82 L.Ed. 904, the taxpayer had conveyed all his interest in the oil land. Relying upon the O'Donnell case, the Supreme Court held that the net profits from the operation agreed to be paid *after* title had passed from the taxpayer were not subject to depletion.

In these two cases all the Supreme Court's discussion of capital interest in the oil becomes meaningless if a royalty is not subject to depletion if payable in "net profits" of the operation. Cf. dissent of Judge Hutcheson in Kirby case.

The Kirby majority opinion does not question that if the royalty there had been a fraction of the *gross* cash proceeds received by the lessee from the sale of the oil taken from the land, it would be subject to depletion as "gross income from the property" to the taxpayer. Cf. Thomas v. Perkins, 301 U.S. 655, 57 S.Ct. 911, 81 L. Ed. 1324; Anderson v. Helvering, 310 U.S. 404, 407, 410, 60 S.Ct. 952, 84 L.Ed. 1277. We are unable to see that it is any less "gross income" *to the taxpayer* from his interest in the fee in the property because the lessee deducts its costs of production before paying the taxpayer. That it is net proceeds to the lessee does not make it any the less the gross income from the land to the owner of the fee. Cf. dissent of Judge Hutcheson.

The majority opinion in the Kirby case seems to regard as a reason the net income from the oil is to be deemed not within the depletion provision, that it requires more calculation than the determination of the sales price of the oil produced from the taxpayer's fee. We can see no reason why the calculations necessary in all other net profit income returned during the taxable year makes the royalty paid the taxpayer any the less part of the gross income to the taxpayer from the fee owned by him. We see nothing in Commissioner of Inter-

nal Revenue v. Kirby or the argument here to require an overruling of our decision in Commissioner of Internal Revenue v. Felix Oil Co., supra.

The order of the Tax Court is
Affirmed.

