T.C. Summary Opinion 2004-61

UNITED STATES TAX COURT

HUMBERTO M. BETANCOURT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1154-03S.                     Filed May 13, 2004.

Humberto M. Betancourt, pro se.

<u>Ric D. Hulshoff</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in Federal income tax of $4,305.35 for the 2001 taxable year. The issues for decision are: (1) Whether petitioner is entitled to head-of-household filing status for 2001; (2) whether petitioner is entitled to dependency exemption deductions for Erica Benicna Maceda and Ivan Maceda Rodriguez for 2001; (3) whether petitioner is entitled to an additional child tax credit of $22 for 2001; and (4) whether petitioner is entitled to an earned income credit of $4,008 for 2001.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time of filing his petition, petitioner resided in Los Angeles, California.

During the year in issue, petitioner was a hardwood flooring installer, and Cristina Rodriguez (Ms. Rodriguez) was a cook. Ms. Rodriguez received wages of approximately $15,000 in 2001.

Petitioner and Ms. Rodriguez have three children: (1) Erica Benicna Maceda (Erica), born February 13, 1988; (2) Tanya, born 1989; and (3) Ivan Maceda Rodriguez (Ivan), born April 15, 1993.

Petitioner and Ms. Rodriguez were not married in 2001, but they shared a checking account during the year. Also in 2001, they owned a duplex with two addresses: 4219 Zamora Street and 4221 Zamora Street. The duplex consisted of side-by-side

apartments with separate entrances. The apartment at 4219 Zamora Street has one bedroom, and the apartment at 4221 Zamora Street has two. Erica, Tanya, and Ivan had keys to both apartments and ate meals sometimes in one or the other apartment.

Petitioner filed a timely Federal income tax return for the 2001 taxable year. The return reflected an address of "4221 Zamora Street" and reported total income of $11,000. Petitioner filed as a "head of household" and claimed dependency exemption deductions for Erica and Ivan, but not Tanya. Petitioner also claimed an additional child tax credit of $22 and an earned income credit of $4,008 with Erica and Ivan as qualifying children.

Respondent issued petitioner a notice of deficiency dated November 15, 2002.[1]

## Discussion

Section 7491(a) provides that in a court proceeding, the burden of proof with respect to any factual issue shifts to the

---

[1] The notice of deficiency included a rate adjustment credit of $138.65, which petitioner had not claimed in his 2001 tax return. The Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 101(a), 115 Stat. 38, 41-42, created a new regular income tax bracket of 10 percent for taxable years beginning after Dec. 31, 2000. See sec. 1(i). Congress decided to implement the 10-percent rate bracket for 2001 via a rate reduction credit for that taxable year. See secs. 1(i)(1)(D), 6428; H. Conf. Rept. 107-84, at 5-6 (2001). The maximum amount of the rate reduction credit depends upon a taxpayer's filing status for 2001, and thus it is computational. See sec. 1(i)(1)(B).

Commissioner under certain prescribed conditions.  We conclude that the burden of proof remains with petitioner, since he has not met the criteria of section 7491(a)(2)(A) and (B).  Indeed, we found petitioner's testimony was at times inconsistent with both Ms. Rodriguez's testimony and documents made part of this record.

1.  Head-of-Household Filing Status

Petitioner filed as "head of household" for 2001.  In general, section 2(b)(1)(A)(i) provides that a taxpayer shall be considered a head of a household if, and only if, such taxpayer is not married at the close of his or her taxable year, is not a surviving spouse, and maintains as his or her home a household which constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of a son or daughter of the taxpayer.  A taxpayer shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such taxpayer.  Sec. 2(b)(1).

During the year in issue, petitioner was not married to Ms. Rodriguez and was not a surviving spouse.  With respect to maintaining a household, petitioner contends that 4221 Zamora Street was a household that constituted the principal place of abode for Erica, Ivan, and petitioner during 2001.  Petitioner further contends that the other address of the duplex--4219

Zamora Street--was a household solely for Ms. Rodriguez and Tanya during the taxable year.  The record, however, does not support petitioner's contentions.

The extent of a "household" is not determined solely by physical boundaries; instead we must look to all of the facts in any particular case.  <u>Estate of Fleming v. Commissioner</u>, T.C. Memo. 1974-137.  Tanya had unrestricted access to petitioner's household and had meals with Erica and Ivan during 2001.  Moreover, Ms. Rodriguez testified that she and the children lived at the same address that petitioner claimed as his household.  On the basis of the record, we find that petitioner's household consisted of Ms. Rodriguez, the children, and petitioner, whether it be at 4221 Zamora Street or the entire duplex.

Consequently, petitioner did not maintain such household under section 2(b)(1), because he did not establish that he furnished over half the cost of maintaining it for 2001.  Petitioner reported total income of $11,000, whereas Ms. Rodriguez had wages of approximately $15,000.  Accordingly, we conclude that petitioner is not entitled to head-of-household filing status, and we sustain respondent's determination on this issue.

2.  <u>Dependency Exemption Deductions</u>

A taxpayer may be entitled to a deduction of the exemption amount for each dependent.  Sec. 151(a), (c).  The term

"dependent" includes a son of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer". Sec. 152(a).

Given the limited information as to the amount paid for support of the children, the existence of the joint checking account and Ms. Rodriguez's higher income for 2001 lead us to the conclusion that petitioner did not provide over half of the support for Erica and Ivan. Accordingly, petitioner is not entitled to dependency exemption deductions for Erica and Ivan for 2001, and we sustain respondent on this issue.

3. Additional Child Tax Credit

Section 24(a)(1) provides for a "credit against the tax * * * for the taxable year with respect to each qualifying child of the taxpayer". The term "qualifying child" means any individual if three tests are satisfied. Sec. 24(c)(1).

In the present case, the only relevant test is whether the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year. Sec. 24(c)(1)(A). We have concluded, however, that petitioner is not entitled to dependency exemption deductions for Erica and Ivan for 2001. Accordingly, they are not qualifying children, and petitioner is not entitled to the additional child tax credit of $22 for 2001. We sustain respondent's determination on this issue.

4. <u>Earned Income Credit</u>

Section 32(a) provides for an earned income credit in the case of an eligible individual.  Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as any individual who has a qualifying child for the taxable year.[2]  A qualifying child is one who satisfies a relationship test, a residency test, and an age test.  Sec. 32(c)(3).  Erica and Ivan satisfy all three tests, and they are qualifying children with respect to petitioner.

However, they are also qualifying children with respect to Ms. Rodriguez.  Under such circumstances, for taxable years beginning on or before December 31, 2001, section 32(c)(1)(C) provides:

> (C) 2 or more eligible individuals.--If 2 or more individuals would * * * be treated as eligible individuals with respect to the same qualifying child for taxable years beginning the same calendar year, only the individual with the highest modified adjusted gross income for such taxable years shall be treated as an eligible individual with respect to such qualifying child.

Section 32(c)(5) defines the term "modified adjusted gross

---

[2]  Petitioner could also be an eligible individual, even if we were to find that he did not have any qualifying children. See sec. 32(c)(1)(A)(ii).  In such a situation, however, petitioner would still not be entitled to the earned income credit for 2001 because his total income of $11,000 exceeded the "completed phaseout amount" of $10,710.  See Rev. Proc. 2001-13, sec. 3.03(1), 2001-1 C.B. 337, 339.

income" to be the taxpayer's adjusted gross income with certain amounts disregarded and certain amounts included.

In the present case, we conclude that petitioner's modified adjusted gross income would not be higher than that of Ms. Rodriguez, given that her wage income alone was greater than petitioner's total income for 2001. Accordingly, we sustain respondent's determination on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.