T.C. Summary Opinion 2005-61

UNITED STATES TAX COURT

JAMES W. DAVIS AND TERI A. DAVIS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8590-04S.                    Filed May 19, 2005.

James W. Davis, pro se.

Michael J. Proto, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.[1]  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

_____

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2001,
the taxable year in issue.  All monetary amounts are rounded to
the nearest dollar.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 2001 in the amount of $4,238.

The issue for decision is whether a lump-sum payment of Social Security disability benefits, received by petitioner Teri A. Davis in 2001, is includable in petitioners' gross income for 2001 (pursuant to the formula in section 86(a)), even though a significant portion of the payment is attributable to benefits for 1999 and 2000. We hold that it is.

## Background

Some of the facts have been stipulated, and they are so found.

At the time that the petition was filed, petitioners resided in Canton, New York.

In 1999, petitioner Teri A. Davis (Mrs. Davis) suffered an injury and applied for Social Security disability benefits. However, the Social Security Administration resisted her claim. Mrs. Davis then retained legal counsel. Ultimately, after many months, Mrs. Davis prevailed in the dispute, and she received a lump-sum payment of benefits in 2001.

For 2001, Mrs. Davis received a Form SSA-1099, Social Security Benefit Statement, from the Social Security Administration. Box 3 of that form reported "benefits for 2001" of $21,656, which was described as follows:

| Paid by check or direct deposit | $17,393 |
| Medicare premiums deducted from benefits | 100 |
| Worker's compensation offset | 163 |
| Attorney fees * * * | 4,000 |
| Benefits for 2001 | $21,656 |

The description of the "benefits for 2001" also included a statement that the $21,656 amount included $8,868 paid in 2001 for 2000 and $3,610 paid in 2001 for 1999.[2]

Petitioners timely filed a Federal income tax return for 2001.  On line 7 of their return, petitioners reported compensation received by petitioner James W. Davis (Mr. Davis) in the amount of $52,013.  In contrast, on line 20a of their return, petitioners did not report any Social Security benefits, nor did they report any taxable amount thereof on line 20b.

Petitioners did not itemize deductions on their 2001 return, but claimed the standard deduction.

In the notice of deficiency, respondent determined that 85 percent, or $18,408, of the Social Security benefits of $21,656, received by Mrs. Davis in 2001, was includable in petitioners' gross income for that year.

## Discussion

Social Security benefits, including Social Security disability benefits, are includable in gross income pursuant to a statutory formula.  See sec. 86(a); <u>Thomas v. Commissioner</u>, T.C.

---

[2]  Necessarily, therefore, the balance of the benefits (i.e., $9,178) was paid for 2001.

Memo. 2001-120; <u>Maki v. Commissioner</u>, T.C. Memo. 1996-209.  In the present case, the application of that formula results in the inclusion of benefits of $18,408 (i.e., 85 percent of $21,656) in petitioners' gross income for 2001.

Petitioners point out that a significant portion of the Social Security benefits received by Mrs. Davis in 2001 was attributable to 1999 and 2000.  Petitioners contend that it would be unfair to determine the taxable portion of the lump-sum payment without regard to the prior years to which the payment is attributable.  Therefore, petitioners argue, they should be entitled to amend their returns for 1999, 2000, and 2001 and include in gross income for each of those years the amount of benefits attributable to each of those years, and recompute their tax liabilities for each of those years accordingly.  We disagree with petitioners' approach because it is contrary to law.

Under income tax accounting principles, an item of gross income must be included in income for the taxable year that it is received by the taxpayer unless, under the taxpayer's method of accounting, the amount is to be properly accounted for in a different period.  Sec. 451(a).  For taxpayers such as petitioners who use the cash receipts and disbursements method of accounting, an item is includable in gross income when it is actually or constructively received.  Sec. 1.451-1(a), Income Tax Regs.

However, the law recognizes that a taxpayer who receives a lump-sum payment of Social Security benefits attributable in part to prior taxable years may be adversely affected by the "bunching" of income. Section 86(e)(1) is designed to provide a measure of relief to such taxpayers.

Section 86(e) provides as follows:

SEC. 86(e). Limitation On Amount Included Where Taxpayer Receives Lump-Sum Payment.--

   (1) Limitation.--If--

      (A) any portion of a lump-sum payment of social security benefits received during the taxable year is attributable to prior taxable years, and

      (B) the taxpayer makes an election under this subsection for the taxable year,
      then the amount included in gross income under this section for the taxable year by reason of the receipt of such portion shall not exceed the sum of the increases in gross income under this chapter for prior taxable years which would result solely from taking into account such portion in the taxable years to which it is attributable.

Section 86(e)(1) implicitly recognizes the principle that a lump-sum payment of Social Security benefits is to be included in gross income (pursuant to the formula of section 86(a)) in the year in which the lump-sum payment is received and not in the years to which the payment is attributable. However, upon a taxpayer's election, section 86(e)(1) does limit the amount properly includable in gross income for the taxable year of

receipt to the sum of the increases in gross income for the years to which the lump-sum payment is attributable.

In the present case, the parties agree that an election under section 86(e)(1) would not serve to reduce the amount of the lump-sum payment that is includable in petitioners' gross income in 2001. That being the case, it is apparent that 85 percent of the lump-sum payment is includable in petitioners' gross income for 2001 pursuant to the formula of section 86(a).

Petitioners further contend that the portion of the lump-sum payment of Social Security benefits that was paid to Mrs. Davis's attorney for legal fees (i.e., $4,000) should be disregarded for purposes of section 86(a). We disagree.

Under the so-called anticipatory assignment of income doctrine, "A taxpayer cannot exclude an economic gain from gross income by assigning the gain in advance to another party." Commissioner v. Banks, 543 U.S. ___, 125 S. Ct. 826, 831 (2005), see Lucas v. Earl, 281 U.S. 111 (1930); S. Rept. 98-23, 26 (1983), 1983-2 C.B. 326, 328 (stating that for tax purposes, the total amount of Social Security benefits received by a taxpayer is not reduced by attorney's fees). Therefore, the portion of the lump-sum payment of Social Security benefits that

was paid to Mrs. Davis's attorney for legal fees on her behalf is taken into account in applying the formula of section 86(a).[3]

A portion of the amount that was paid on behalf of Mrs. Davis to her attorney for legal fees is potentially deductible as an itemized deduction. See secs. 212(1), 265(a)(1); sec. 1.212-1(a)(1), Income Tax Regs.; Andrews v. Commissioner, T.C. Memo. 1992-668. The matter is academic, however, because petitioners did not itemize their deductions in 2001 and made no effort at trial to demonstrate that their deductible expenses exceeded the $7,600 standard deduction that they claimed on their return.

Finally, we have considered all of petitioners' other arguments, and, to the extent that we have not specifically addressed them, we conclude that they are without merit.[4]

---

[3] The same analysis applies to the Medicare premiums ($100) that were deducted from Mrs. Davis's lump-sum payment. Indeed, S. Rept. 98-23, 26 (1983), 1983-2 C.B. 326, expressly mentions Medicare premiums and states that for tax purposes, they do not serve to reduce the total amount of Social Security benefits received by a taxpayer.

Finally, we note that the so-called workers' compensation offset ($163) is treated as though it were a Social Security benefit. Sec. 86(d)(3); see Mikalonis v. Commissioner, T.C. Memo. 2000-281; Willis v. Commissioner, T.C. Memo. 1997-290.

[4] In particular, we reject, as contrary to law, petitioners' argument that the tax on the lump-sum payment of Social Security benefits should be reduced pro tanto by the amount of the attorney's fees incurred by Mrs. Davis to obtain that payment. We also reject, as outside our jurisdiction in an action to redetermine a deficiency, petitioners' arguments regarding the designation of payments made pursuant to an installment payment agreement involving the taxable years 1995, 1998, and 2001. In this regard, we note that the record in this

(continued...)

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issue,

<u>Decision will be entered</u>

<u>for respondent.</u>

---

[4](...continued)
case does not show any overpayment of tax for 2001; therefore, the Court's ancillary jurisdiction under sec. 6512 is not implicated in this deficiency proceeding.  See sec. 6213; cf. secs. 6320, 6330 involving lien and levy actions (collection actions).