T.C. Summary Opinion 2004-111


UNITED STATES TAX COURT


RALPH W. VARNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19249-02S.                    Filed August 24, 2004.


Ralph W. Varner, pro se.

<u>Carina J. Campobasso</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $4,355 for 2001. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions, (2) whether petitioner is entitled to head of household filing status, and, (3) whether petitioner is entitled to an earned income credit.

## Background

Some of the facts have been orally stipulated and are so found. The stipulations of fact are incorporated herein by reference. Petitioner resided in Manchester, New Hampshire, at the time the petition was filed.

Petitioner and Patricia Johnson (Ms. Johnson) have two children, Nicholas and Nicole Johnson (the children). Petitioner and Ms. Johnson were never married. Each week petitioner had $25 withheld from his paycheck and sent to Ms. Johnson for support of the children. He also provided Ms. Johnson with an additional $1,350 "just to help her out."

Petitioner and Ms. Johnson lived apart at all times during 2001. The children live with Ms. Johnson and her partner.

Petitioner's children stayed with him every weekend and during those visits he provided food and shelter. Petitioner also purchased clothing and provided medical and dental insurance for the children. However, petitioner did not provide respondent

with any receipts that evidenced the amount of clothing or insurance expenses he incurred.

## Discussion

The Commissioner's deficiency determinations in the notice of deficiency are presumed correct, and generally taxpayers bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases, however, the burden may shift to the Commissioner under section 7491(a). Section 7491 does not apply here because petitioner has failed to comply with the requirements of section 7491(a).

## 1. Dependency Exemption Deductions

In general, section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152. A dependent is defined as a son or daughter of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)." Sec. 152(a).

The Court has previously held that section 152(e), Support Test in Case of Child of Divorced Parents, applies to cases where the child's parents have never been married. King v. Commissioner, 121 T.C. 245, 251 (2003). In the case of a child of parents who live apart at all times during the last 6 months

of the calendar year, section 152(e)(1) provides as a general rule that the child shall be treated as receiving over half of his or her support during the calendar year from the parent having custody for the greater portion of the calendar year (the custodial parent). Although there are exceptions to this general rule, none of the exceptions apply to the present case. See sec. 152(e)(2), (3), and (4).

As relevant herein, section 1.152-4(b), Income Tax Regs., provides that when there is no decree or agreement establishing who has custody, the parent who has "physical custody of the child for the greater portion of the calendar year" will be deemed to be the custodial parent.

There is no evidence in the record that there was a custody agreement between petitioner and Ms. Johnson. In the absence of a custody agreement, the Court must look to the division of physical custody. Id. Petitioner testified that his children spent the weekends with him and the weekdays with their mother. Because Ms. Johnson had physical custody of the children for a greater portion of the calendar year, she is deemed to be the custodial parent, not petitioner. Therefore, petitioner is not entitled to the dependency exemption deduction for either of the children. In light of the foregoing, the Court sustains respondent's determination on this issue.

2.  <u>Head of Household Filing Status</u>

Section 1(b) imposes a special tax rate on individuals filing as head of household.  As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as his home a household that for more than one-half of the taxable year constitutes the principal place of abode of a person who is an unmarried son or daughter.  See sec. 2(b)(1)(A)(i).

The Court has determined that Ms. Johnson had physical custody of the children for a greater portion of the calendar year.  That holding is dispositive of this issue, and, as a result, the Court sustains respondent's determination that petitioner is not entitled to claim head of household filing status for 2001.

3.  <u>Earned Income Credit</u>

Section 32(a) provides for an earned income credit in the case of an eligible individual.  As relevant to this case, an "eligible individual" is defined as an individual who has a "qualifying child" for the taxable year.  Sec. 32(c)(1)(A)(i).

To be a qualifying child, an individual must, inter alia, have the same principal place of abode as the taxpayer for more than half of the taxable year.  Sec. 32(c)(3)(A)(ii).  However, as previously discussed, petitioner's children spent less than half of 2001 with him.  Consequently, it cannot be said that petitioner's residence was the children's principal place of

abode for more than half of the year.

An individual, however, may be eligible for an earned income credit even if the individual does not have a qualifying child for the taxable year. Sec. 32(c)(1)(A)(ii). Such an individual generally would be eligible only if the individual's modified adjusted gross income were less than $10,710. See Rev. Proc. 2001-13, sec. 3.03(1), 2001-1 C.B. 337, 339. The parties did not provide a copy of petitioner's tax return for 2001 that would allow the Court to determine his adjusted gross income for the year and petitioner's eligibility for an earned income credit without a qualifying child. If petitioner's income is less than the earned income limit amount, the credit should be reflected in a computation of the decision.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be

entered under Rule 155.