T.C. Memo. 2006-140

UNITED STATES TAX COURT

ESTATE OF JOHN L. BAIRD, DECEASED, ELLEN B. KIRKLAND AND J.
SAMUEL BAIRD, CO-EXECUTORS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ESTATE OF SARAH W. BAIRD, DECEASED, ELLEN B. KIRKLAND AND J.
SAMUEL BAIRD, CO-EXECUTORS, Petitioners <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket Nos. 8656-99, 8657-99.   Filed July 5, 2006.

<u>William T.F. Dykes</u>, for petitioners.

<u>Wanda M. Cohen</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

GERBER, <u>Judge</u>:  This is the third opinion to be issued in
these related cases.  In the first opinion, we decided a
valuation question with respect to property in each estate.
<u>Estate of Baird v. Commissioner</u>, T.C. Memo. 2001-258 (Estate of

Baird I).  The second opinion involved the question of whether the estates were entitled to litigation costs.  Estate of Baird v. Commissioner, T.C. Memo. 2002-299 (Estate of Baird II).  In Estate of Baird II we held that respondent's position in the proceeding was substantially justified and, therefore, the estates were not entitled to litigation costs.  Because we decided that estates were not entitled to litigation costs, we did not address the question of whether the litigation costs claimed by the estates were reasonable, an issue raised by respondent.

The estates appealed and the Court of Appeals for the Fifth Circuit reversed our holding that the estates were not entitled to section 7430[1] fees and costs and remanded these cases to this Court "for a determination of the amount of fees and costs to be awarded to the * * * [estates]."  Estate of Baird v. Commissioner, 416 F.3d 442, 455 (5th Cir. 2005).[2]

---

[1] All section references are to the Internal Revenue Code, as modified and in effect for the periods under consideration. Rule references are to the Tax Court's Rules of Practice and Procedure.

[2] Following the completion of appellate proceedings there was a delay in our receipt and consideration of the record in these cases, due to the effect of Hurricane Katrina upon the operation of the Court of Appeals for the Fifth Circuit's Clerk's office.

## Discussion[3]

The estates, by means of a Second Supplemental Motion for Award of Reasonable Litigation Costs and Reasonable Administrative Costs claimed litigation and administrative costs, as follows:

| Estate of | Litigation costs | Administrative costs |
|-----------|------------------|----------------------|
| John Baird | $142,612.47 | $622.50 |
| Sarah Baird | 141,191.58 | 592.40 |

Because it has been decided that the estates are entitled to litigation and administrative costs, we must consider respondent's arguments concerning the reasonableness of the claimed costs.

Section 7430 permits the prevailing party to recover an award of reasonable litigation costs. Section 7430(c)(1)(B)(iii) generally limits the hourly rate for attorney's fees. To the extent that attorney's fees are part of the estates' claimed litigation costs, they are being claimed at the statutory hourly

---

[3] To the extent relevant, the findings of fact set forth in Estate of Baird I and Estate of Baird II are incorporated by this reference. There is no need for an evidentiary hearing, and the Court will rule on the amount of fees and costs based on the parties' submissions and the existing record. See Rule 232(a)(1) and (2) of the Tax Court's Rules of Practice and Procedure.

rate (adjusted by the statutorily prescribed cost-of-living adjustment) as provided under section 7430(c)(1)(B)(iii).[4]

Respondent generally contests[5] the reasonableness of the estates' claim for fees and costs, based on the following contentions:  (1) Attorney's fees claimed for services of an attorney called by the estates as an expert witness are not allowable; (2) litigation fees and costs appear duplicated because the issues were the same as to both estates and the estates were billed similar amounts; (3) the quantity of hours billed for some of the tasks appears unreasonable for a single issue (valuation) case.  We address each of respondent's contentions separately.

Attorney's Fee Claimed for Attorney Who Was Initially Called as an Expert Witness.

## Background

The estates intended to proffer at trial Attorney Edward B. Benjamin, Jr. as an expert witness on the subject of co-ownership and partition or real property under Louisiana law.  Respondent moved in limine to exclude Attorney Benjamin's report, which was

---

[4] The estates' claim of attorney's fees is based on the adjusted statutory hourly rate (as opposed to the actual rate billed) of $130 for 1999, Rev. Proc. 98-61, 1998-2 C.B. 811; $140 for 2000 and 2001, Rev. Proc. 99-42, 1999-2 C.B. 568 and Rev. Proc. 2001-13, 2001-1 C.B. 337; and $150 for 2002, Rev. Proc. 2002-59, 2001-2 C.B. 623.

[5] Respondent also contested the hourly rate claimed in the estates' initial motions, but the estates conceded that the rate should be limited to the adjusted statutory hourly rate.

to be offered as his direct testimony under Rule 143(f). In ruling that the Attorney Benjamin's report on a matter of domestic law would not be received as an expert's opinion under Rule 143(f), the Court did not question Attorney Benjamin's expertise or review whether he was qualified. The Court suggested that Attorney Benjamin's opinion was in effect a legal brief that could be attached to the estates' posttrial briefs in further support of their position on the legal questions associated with the partition of Louisiana realty. The estates did attach Attorney Benjamin's report or opinion to their opening posttrial brief.

As part of its claim for litigation costs, each estate included $19,298.50 attributable to the law firm of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. (Jones firm) for a "Study Analysis re: * * * [Louisiana] Co-Ownership and Partition Law". The $19,298.50 represents one-half of the $38,597.00 for legal work by the Jones firm. In particular, $18,470.00 of the $38,597.00 is represented by billings of Attorney Benjamin representing 25.10 hours at $343.03 ($8,610.00), 28.00 hours at $350.00 ($9,800), and .20 hours at $300.00 ($60). The remaining $20,127.00 of the $38,597.00 was attributable, in smaller amounts, to eight other individuals in the Jones firm. The hourly billing rates for the eight individuals, other than

Attorney Benjamin, ranged from $120 to $250 per hour, with the vast majority of billing hours exceeding $150 per hour.[6]

Respondent makes a two-part argument with respect to Attorney Benjamin's and the Jones firm's fees. Respondent first argues that any costs for expertise (presumably legal or otherwise) is not reasonable because it is well settled that expert testimony in the form of legal opinions is generally not received by courts. More particularly, respondent argues that the estates were aware that expert opinions on domestic law are not admissible by the Tax Court. The second part of respondent's argument is that the Jones firm's fees should not be allowed as attorney's fees because the members of that firm were hired as "experts" and not used for that purpose.

In response, the estates contend that section 7430(c)(3)(A) provides that "fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court or before the Internal Revenue Service shall be treated as fees for the services of an attorney." The estates point out that all nine of the Jones firm individuals for whom fees are claimed were either authorized to practice before the Court or the Internal Revenue Service.

---

[6] There is no contention by respondent that any of the individuals in the Jones firm are not qualified to be included in a fee claim under the statute or that there is excessive overhead included in the Jones firm charges.

To the extent that any of the Jones firm fees are not found to constitute "reasonable litigation costs" under section 7430(c)(1)(B)(iii), the estates contend that they are "reasonable litigation costs" under section 7430(c)(1)(B)(ii) which include "the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case".

We agree with the estates that the Jones firm's fees are allowable to the extent permissible under section 7430(c)(1)(B)(iii).  We do not agree that the fees would be allowable as costs under section 7430(c)(1)(B)(ii), to the extent not allowable as attorney's fees under section 7430(c)(1)(B)(iii).

From the Court's point of view Attorney Benjamin and the Jones firm were acting as "attorneys" and not "experts" in the setting of this case.  That point of view is in accord with our ruling that Attorney Benjamin's report was a legal brief and coincides with the fact that the report was not received as direct testimony under Rule 143(f).  There was a need for legal analysis on the legal question of co-ownership and partition in Louisiana.  Indeed, the subject report was relied upon by the estates and attached to the estates' posttrial brief.  As such, the subject report was considered by the Court and parties in connection with their legal analysis of the valuation issues,

which included the question of the possibility of the partition of Louisiana realty. There is no limitation that permissible attorney fees under section 7430(c)(1)(B)(iii) can be recovered only for attorneys who make an entry of appearance in the controversy. Nor do we find that it was unreasonable for the estates to use such expertise. Accordingly, we hold that the estates are entitled to recover reasonable attorney's fees under section 7430(c)(1)(B)(iii).

Regarding the question of reasonableness under section 7430(c)(1)(B)(iii), the Jones firm's fees must be subjected to the adjusted statutory hourly rate unless there is a showing that the subject matter of this case involved complex matters requiring special legal skills. In that regard, Attorney Benjamin's qualifications were not tested, and he was not accepted or rejected as an "expert" by the Court. Furthermore, the estates have not established and/or argued that the nine individuals from the Jones firm had the type of expertise that would warrant fees in excess of the adjusted statutory hourly rate. We accordingly hold that the reasonable or recoverable fees of the Jones firm must be limited to the adjusted statutory hourly rate, a task that we leave to the parties under the operation of Rule 155.

The estates' secondary or alternative approach is to claim that any portion of the Jones firm's fees not allowed as attorney

fees under section 7430(c)(1)(B)(iii), should be allowable as "reasonable litigation costs" under section 7430(c)(1)(B)(ii). In effect, the estates' contention is that to the extent that the Jones firm's fees are not recoverable as attorney fees, they should be allowed as expert witness fees or costs of a study, analysis, engineering report, test, or project which was necessary for the preparation of the estates' cases.

We have held that the Jones firm's fees are allowable as attorney's fees under section 7430(c)(1)(B)(iii) and that such fees were limited to the adjusted statutory hourly rate. To hold that amounts in excess of the adjusted statutory hourly rate are permissible under section 7430(c)(1)(B)(ii) would thwart the statutory limit and circumvent the intent of that limitation. Although we hold that the Jones firm's fees were necessary to the estates' preparation and presentation of their case, they are attorney fees and not recoverable as other costs associated with the litigation. In other words, the estates cannot have it both ways. We therefore hold that no portion of the Jones firm's fees that exceed the adjusted statutory hourly rate are permissible as costs under section 7430(c)(1)(B)(ii).

## Has There Been a Duplication of Litigation Fees?

Respondent next contends that because the valuation issue involved the same assets and issues in both estates, the attorney's fees and litigation costs were duplicated.

Respondent's contention appears to rest on his supposition that the legal work and litigation costs were generated by one estate and then doubled without performing the same work for the second estate. The estates, however, point out that the work was performed in connection with the preparation for and trial of both estate tax cases, which were consolidated for purposes of trial, briefing, and opinion. The estate contends further, that certain of the issues in both estates were the same, so that the legal work could be performed once and one-half the cost charged to each estate. The estates have shown, by means of affidavits and explanations, that there was no double billing for the same legal work.

There is nothing in the materials before the Court that would support respondent's contention. Nor is it apparent that the amount of the attorney fees and costs are disproportionate to the quantity of work described in the billing statements. Conversely, the uncontradicted affidavits provided in support of the estates' position on this aspect of the controversy are unequivocal on this point.

Accordingly, we hold that the amounts claimed for attorney's fees and costs are not duplicate billings.

<u>Whether Amount of Hours Billed or Costs for Litigation Are
Reasonable in Relation to the Nature of the Issues or the Amount
in Controversy?</u>

Respondent's final contention regarding reasonableness of
the fees and costs is presented as the generality that the
quantity of hours billed for some of the tasks appears
unreasonable for a single issue (valuation) case.  On this point,
respondent does not provide any explanation that would
demonstrate why the amount of hours is excessive and/or the time
spent was unnecessary.

The estates have provided detailed explanations of the need
for the hours incurred and billed to the estates.  The estates
also satisfactorily addressed each of respondent's speculations
about the purpose underlying particular costs or fees.

Finally, the estates argue that it was respondent's
contentious litigating position (holding out for a nominal
discount) that protracted the proceeding and, to some extent,
caused increased litigation costs and fees.

We have reviewed respondent's general and specific
contentions and the estates' response and hold that the
estates have adequately shown the claimed costs and fees are
reasonable.

Respondent also makes the observation that the amount of
fees approaches or approximates the amount of the estate tax
deficiencies in the notices of deficiency.  We note, however,

that any tax liability would have been larger due to the interest factor. In that regard, we reiterate that it was the huge spread between the parties' positions that may have protracted the litigation and exacerbated the amount of the claimed fees and costs. The Court is unable to reach the conclusion that the number of hours billed was unreasonable. There is no per se rule that would limit the amount of fees claimed to the amount in controversy. Certainly, as a matter of good judgment and practical economics, a litigant would ordinarily be reluctant to spend more for attorney's fees and costs than is at stake. In that regard, however, the estates argue that it was respondent's approach to these cases and his unreasonable position that there should be a nominal discount that protracted the proceedings and, to some extent, pushed the fees closer to the amounts in dispute. It is that very principle, the estates contend, that was the basis and intent for the enactment of section 7430; i.e., to reimburse a litigant's fees and costs incurred in defending against an unreasonable position.

Accordingly, with the exception of the need to reduce claimed attorney's fees to the statutory adjusted rate, we hold that the estates' claims for fees and costs are reasonable.

To reflect the foregoing,

<u>Appropriate orders and</u>

<u>decisions will be entered under</u>

<u>Rule 155.</u>