**James E. BRIGGSDANIELS, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 00–70710.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 25, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

James E. Briggsdaniels appeals from the tax court's judgment sustaining the

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Commissioner of Internal Revenue's (the "Commissioner") determination of a deficiency on his 1995 and 1996 federal income tax returns. We affirm.

■ Absent a showing of clear error, we cannot overturn the tax court's findings. *See Wolf v. Commissioner*, 4 F.3d 709, 712 (9th Cir.1993). Under the clear error standard, " '[i]f the [tax court's] account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.' " *Id.* at 712–13 (alterations in original) (quoting *Serv. Employees Int'l Union v. Fair Political Practices Comm'n*, 955 F.2d 1312, 1317 n. 7 (9th Cir.1992)).

Briggsdaniels claims that the tax court erred in sustaining the Commissioner's determination that he failed to qualify for head of household filing status under 26 U.S.C. § 2(b), the earned income credit under 26 U.S.C. § 32(a), and dependency exemptions for his sons James E. Daniels, Jamar E. Daniels, and Jeremy E. Daniels under 26 U.S.C. § 151(c)(1).

■ The tax court determined that Briggsdaniels failed to demonstrate that he had "provided over half the cost of maintaining ... a household that for more than one-half" of 1995 or 1996 was the principal residence for his sons. The tax court did not commit clear error by concluding that the Commissioner had acted neither arbitrarily nor erroneously in determining that Briggsdaniels was ineligible in 1995 and 1996 for head of household filing status, dependency exemptions for James, Jamar, and Jeremy Daniels, or the earned income credit. *See Rapp v. Commissioner*, 774 F.2d 932, 935 (9th Cir.1985) ("Once the government has carried its initial burden of introducing some evidence linking the taxpayer with income-produc-

ing activity, the burden shifts to the taxpayer to rebut the presumption by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous.").

■ Finally, in a pleading styled a "Motion to Dismiss and or Motion for Reversal and or Motion to Restrain Assessment or Collection," Briggsdaniels claims for the first time in this appeal that the Commissioner's assessment of a tax deficiency violates his First, Fourth, Fifth, and Eighth Amendment rights. "[A]n appellate court will not consider arguments which were not first raised before the [trial] court, absent a showing of exceptional circumstances." *Fed. Sav. and Loan Ins. Corp. v. Butler*, 904 F.2d 505, 509 (9th Cir.1990). Although this court may review an issue that has been raised for the first time on appeal when it raises no factual issues and is purely one of law, "such an issue should not be decided if it would prejudice the other party." *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996). The Commissioner has had no opportunity to address the factual aspects of Briggsdaniels' constitutional claims before the court below. Because Briggsdaniels presents no excuse for his failure to raise his constitutional arguments earlier, we decline to exercise our discretion to consider them. *See Fed. Sav. and Loan Corp.*, 904 F.2d at 509.

AFFIRMED.