T.C. Summary Opinion 2005-20

UNITED STATES TAX COURT

EARL CLYDE MUNCY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7290-03S.                     Filed February 23, 2005.

Earl Clyde Muncy, pro se.

<u>Terry Serena</u>, for respondent.


WHERRY, <u>Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in the amount of $4,867 in petitioner's Federal income tax for the taxable year 2001.[2] The issues for decision are:

(1) Whether petitioner is entitled to dependency exemption deductions for his two children;

(2) whether petitioner is entitled to an earned income credit in the amount of $4,008;

(3) whether petitioner is entitled to head of household filing status; and

(4) whether petitioner is entitled to a child tax credit of $300.

Background

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Iaeger, West Virginia.

Petitioner was married to Bertha Ann Muncy (Bertha Muncy) on August 1, 1983, in Grundy, Virginia. During their marriage, they had two children, BEM,[3] born in 1988, and KLM, born in 1990.

On June 23, 1997, a divorce proceeding was initiated in the Circuit Court of McDowell County, West Virginia. A Final Order of Divorce (divorce decree) was granted on December 8, 1997, and

---

[2] Monetary amounts are rounded to the nearest dollar.

[3] The Court uses only the initials of the minor children.

entered December 23, 1997. The divorce decree specified: Bertha Muncy shall be given custody of the couple's two children, Earl Muncy shall pay child support in the amount of $306 per month, and Earl Muncy shall be entitled to claim the income tax exemptions for Federal and State income tax purposes for the two children.

Petitioner timely filed his Form 1040A, U.S. Individual Income Tax Return, for the 2001 taxable year, claiming head of household filing status, two dependency exemption deductions for his children, an earned income credit, and a child tax credit. Respondent issued a notice of deficiency on April 11, 2003, disallowing dependency exemption deductions for petitioner's two children, changing the head of household filing status to single, and denying the earned income credit and child tax credit. Petitioner timely filed the underlying petition in this case on May 16, 2003.

Included in the stipulated exhibits for this case is a copy of a 2001 calendar and accompanying handwritten notations by petitioner. On the calendar, petitioner indicated when the children stayed with him, which included, among other dates, every weekend and a 9-week period in the summer. Petitioner wrote a note on the calendar asserting that the children were dropped off at his house every morning at 6 a.m. for school, and then petitioner bathed them, took them to school, and picked them

up from school. Petitioner added that he bought uniforms for the children's after-school activities and paid his child support every month.

Julie S. Muncy (Julie Muncy), petitioner's current wife, testified that she moved in with petitioner on April 8, 2001, and she was present when petitioner's children were dropped off and picked up at his home. Julie Muncy also related that she helped petitioner prepare the calendar to the best of her memory at some time in the year 2002.

The parties also stipulated copies of the children's school records and copies of each child's birth certificate establishing petitioner as each child's father and Bertha Muncy as each child's mother. Petitioner admitted at trial that the children's addresses in the school records were that of their mother, Bertha Muncy. On one of the documents pertaining to BEM, a school counselor included a note stating that BEM currently lived with his mother but that his parents were in the process of going to court to determine whether BEM should live with his father.

At the time of trial, petitioner testified that he presently had custody of his son, BEM, now age 16. However, petitioner did not provide any documentation to establish the custody status of BEM.

As a general rule, the Commissioner's determination of a taxpayer's liability is presumed correct, and the taxpayer bears

the burden of proving that the determination is improper.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Although section 7491 may shift the burden of proof to respondent in specified circumstances, petitioner here has not established that he meets the prerequisites under section 7491(a)(1) and (2) for such a shift.

I.   Dependency Exemptions

In general, an exemption is allowed for every dependent of a taxpayer.  Sec. 151(a), (c).  A child of a taxpayer is considered a dependent if the definitional requirements of section 151(c)(1) are met and the taxpayer contributed over half of the support for the child during the taxable year.  Sec. 152(a)(1).

Where, as here, the parents of the child are divorced, separated, or living apart at all times during the last 6 months of the calendar year and where one parent has custody of the child for more than one-half of the calendar year, the parent with custody of the child for the greater part of the calendar year (custodial parent) is deemed to have provided over one-half of the support for the child for the calendar year.  Sec. 152(e);

King v. Commissioner, 121 T.C. 245, 250 (2003). This preordained statutory determination is automatic and is made without any factual inquiry as to which parent actually provided the child's support.  Boltinghouse v. Commissioner, T.C. Memo. 2003-134.

However, there is an exception to this rule that effectively shifts the dependency exemption to the parent who is not the custodial parent (noncustodial parent).  Sec. 152(e)(2).  The exception allows the noncustodial parent to be treated as providing over one-half of the support for the dependent child if:  (1) The custodial parent signs a written declaration that, among other things, such custodial parent will not claim the dependent child as a dependent for the taxable year, and (2) the noncustodial parent attaches such written declaration to the noncustodial parent's return for that taxable year.  King v. Commissioner, supra at 249-250; Boltinghouse v. Commissioner, supra.

Here, the divorce decree gave "care, custody and control" of the children to Bertha Muncy.  Furthermore, from a factual standpoint, the record indicates that after taking into account visitation rights, the children spent more than one-half of 2001 with Bertha Muncy.[4]  Therefore, despite the fact that petitioner was a loving father often taking care of the children for a

---

[4] See infra Part II.

period of time both before and after school and on weekends, Bertha Muncy is the custodial parent, and petitioner is the noncustodial parent.

The Internal Revenue Service created Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to effect the custodial parent's waiver of the dependency exemption. However, to meet the requirements of section 152(e)(2), the custodial parent's written declaration need not be made on Form 8332, as long as the submitted declaration conforms to the substance of Form 8332. Boltinghouse v. Commissioner, supra (concluding that a separation agreement conforming to the substance of Form 8332 satisfied section 152(e)(2)); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34451 (Aug. 31, 1984). In addition, neither section 152(e)(2) nor the regulations thereunder require that the waiver of a spouse's claim to a dependency exemption be incorporated into a divorce decree to be effective. Boltinghouse v. Commissioner, supra.

Petitioner did not submit a Form 8332, and at trial, he admitted that he had not attempted to obtain a Form 8332 from Bertha Muncy. The question therefore is whether the divorce decree conforms to the substance of Form 8332 and satisfies the requirements of section 152(e)(2). As the Court explained in Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002):

Form 8332 requires a taxpayer to furnish (1) the names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and Social Security number of the parent claiming the exemption. * * *

Specifically, "Satisfying the signature requirement [of the custodial parent] is critical to the successful release of the dependency exemption within the meaning of section 152(e)(2)". Miller v. Commissioner, supra at 190. The signature requirement of section 152(e)(2) demands more than an acknowledgment. The signature of the custodial parent must confirm the custodial parent's intention to release the dependency exemption to the noncustodial parent and signify the custodial parent's agreement to not claim the dependency exemption. Id. at 193. The signature requirement of section 152(e)(2) is clear and unambiguous; it requires the custodial parent to sign a written declaration specifically releasing the dependency exemption for his or her child to the noncustodial parent. Id.

In this case, the divorce decree included the names of petitioner's children, and the names and Social Security numbers of both the custodial parent and noncustodial parent were handwritten on a page of the divorce decree. In contrast, information concerning the years for which the dependency exemptions for the children were released, the date of the

signature of the custodial parent, and, most importantly, the signature itself consenting to the release were absent from the divorce decree. Therefore, the divorce decree did not conform in substance to Form 8332, and, consequently, it did not fulfill the requirements of section 152(e)(2).[5]

II.  Earned Income Credit

Section 32(a) and (c), in relevant part, provides that a taxpayer may be eligible for the earned income credit if that taxpayer has a "qualifying child". A "qualifying child" is a child who satisfies a relationship test, a residency test, an age test, and an identification requirement. Sec. 32(c)(3).

BEM and KLM each satisfied all but the residency test. As a son and a daughter, respectively, of petitioner, they each satisfied the relationship test. See sec. 32(c)(3)(B)(i)(I). At the close of the calendar year for the year at issue, neither child had attained the age of 19, thus satisfying the age test. See sec. 32(c)(3)(C)(i). Since petitioner included the name, age, and TIN of each of his children on his return, he satisfied the identification requirement. See sec. 32(c)(3)(D).

The residency test requires that the qualifying child have the same principal place of abode within the United States as the taxpayer for more than one-half of the taxable year. Sec.

_____

[5] The record in this case is insufficient to permit a determination whether the divorce decree was attached to petitioner's return when filed.

32(c)(3)(A)(ii),(E).  Here, school records and petitioner's testimony indicate that the children's residence with their mother was their principal place of abode.  Although petitioner apparently contends that the time during school mornings and evenings and weekends that the children spent with petitioner should be counted as additional periods of residency in petitioner's home, such contention is misplaced.  While commendable, the fact that the children stayed at petitioner's home for a few hours during the day does not establish petitioner's home as the children's residence or principal place of abode.  See Jeter v. Commissioner, T.C. Memo. 2001-223, affd. per curiam 26 Fed. Appx. 321 (4th Cir. 2002).  Likewise, based on the calendar provided by petitioner, the children spent only 150 days with petitioner.  This amount is less than one-half of the 2001 taxable year.  Since petitioner failed to satisfy the residency requirement of section 32, neither of petitioner's children is considered a qualifying child.

Nonetheless, individuals who do not have any qualifying children may also be eligible under section 32(a)(2) for an earned income credit, subject to, among other things, phaseout limitations.  Merriweather v. Commissioner, T.C. Memo. 2002-226; Briggsdaniels v. Commissioner, T.C. Memo. 2000-105, affd. 2 Fed. Appx. 848 (9th Cir. 2001).  An individual who does not have any qualifying children is eligible for an earned income credit if:

(1) The individual's principal place of abode is in the United States; (2) the individual, or his spouse, has attained the age of 25 but not the age of 65 at the close of the taxable year; and (3) the individual is not a dependent for whom a deduction is allowed under section 151.  Sec. 32(c)(1)(A).  Although petitioner satisfies the eligibility requirements under section 32(c)(1)(A), the phaseout limitation prevents the receipt of any earned income credit.  The earned income credit for an individual without any qualifying children is completely phased out in tax year 2001 when an individual's modified adjusted gross income (AGI) exceeds $10,710.  See IRS Pub. 596, Earned Income Credit (2001).  Petitioner's modified AGI for 2001 was $13,000.  Thus, petitioner is not entitled to an earned income credit, and respondent is sustained on this issue.

III. <u>Head of Household Filing Status</u>

As pertinent to this case, head of household filing status is available if an individual is not married at the close of the taxable year and provides for more than one-half of the taxable year a home which is the principal place of abode for the individual's son or daughter.  Sec. 2(b)(1).  An individual under section 2(b) is not considered married if the individual is "legally separated from his spouse under a decree of divorce or of separate maintenance".  Sec. 2(b)(2)(B).

Although petitioner's divorce decree dated December 8, 1997, was entered on December 23, 1997, it is not apparent from the record whether he was married to his current wife, Julie Muncy, at the close of the 2001 taxable year. However, we need not address petitioner's marital status during that year because petitioner fails to meet the principal place of abode requirement. As determined above, petitioner's home did not constitute the principal place of abode for his children during 2001. Because of this fact, petitioner does not meet the criteria for the head of household filing status.

IV. Child Tax Credit

Section 24 allows a credit for each "qualifying child" of the taxpayer. A "qualifying child" for purposes of section 24 is an individual who meets the relationship test under section 32(c)(3)(B), has not attained the age of 17 by the close of the taxable year, and with respect to whom the taxpayer is entitled to a dependency exemption deduction under section 151. Sec. 24(c).

As a son or a daughter of petitioner, petitioner's children meet the relationship test. During the year in issue, neither child had attained the age of 17. BEM was 13 years old and KLM was 11 years old at the close of the taxable year. However, as previously discussed, petitioner is not eligible to claim a

dependency exemption deduction for either child for 2001. Thus, petitioner is not allowed a child tax credit.

V. Conclusion

The Court found the testimony of petitioner and Julie Muncy to be credible and sincere. Per the divorce decree, petitioner was entitled to the dependency exemptions for both of his children. However, Congress designed the requirements of sections 151 and 152 to facilitate administration of the tax law by assisting the Commissioner in preventing a whipsaw where both divorced parents attempted to claim the same child as an exemption and child tax credit. This was accomplished by requiring the execution of Form 8332 by the custodial parent. Petitioner's remedy in this case is to enforce the divorce decree either informally by requesting his former spouse's voluntary cooperation or, if this is unsuccessful, formally by initiating proceedings in the West Virginia State courts.

This Court is sympathetic to petitioner's case; nevertheless, since petitioner did not satisfy the requirements of section 152(e)(2), he is not entitled to dependency exemption deductions for his children. Likewise, petitioner does not qualify for the child tax credit. As petitioner did not establish that his home was the principal place of abode for his

children, he does not fulfill the prerequisites for a head of household filing status or the earned income credit.[6]

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[6] To the extent that petitioner also attempts in his petition to raise as an issue the $265 in statutory interest due on the deficiency through Mar. 16, 2003, this matter is not properly before the Court.  See secs. 6215, 6404(h), 7481(c).