T.C. Summary Opinion 2005-82


UNITED STATES TAX COURT


ANN M. WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9122-04S.                    Filed June 14, 2005.


Ann M. Wilson, pro se.

<u>Donna L. Pahl</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,913 in petitioner's Federal income tax for the taxable year 2002. The issues for decision are: (1) Whether petitioner qualifies as a head of household under section 2(b), and (2) whether petitioner qualifies for the earned income credit under section 32(a).

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. At the time of filing the petition, petitioner resided in Lakeside, California.

Petitioner previously was married to Warren Wilson (Mr. Wilson), and the two resided in Indiana as husband and wife.[1] Petitioner and Mr. Wilson were divorced sometime in 1997. During their marriage, petitioner and Mr. Wilson had three children. Their daughter RW[2] was born in 1985. Under the divorce decree petitioner was awarded custody of RW and given the right to claim her as a dependent for Federal and State income tax purposes. Petitioner did not claim RW as a dependent on her 2002 return; however, Mr. Wilson apparently did claim RW on his 2002 return.

In January 2000, petitioner moved from Indiana to San Diego, California, to attend Thomas Jefferson School of Law (law

---

[1] The record is unclear as to the exact date petitioner and Mr. Wilson were married.

[2] The Court uses only the minor child's initials.

school). RW did not move to San Diego with petitioner so that she could remain at her middle school in Indiana. RW came to San Diego at the end of her eighth-grade school year and spent most of her summer with petitioner.

Petitioner and RW decided that RW would attend Bishop Luers High School (Bishop Luers), a private school in Fort Wayne, Indiana, rather than attend high school in San Diego. The decision to attend Bishop Luers was based on RW's desire to attend the same high school that petitioner, RW's brother and sister, and her aunts and uncles attended. In addition, many of RW's friends were going to attend Bishop Luers. Thus, RW returned to Indiana in the fall of 2000.

While in school in Indiana, RW lived with her father for approximately 1 month during the 2002 school year. RW lived at other times during the school year with her grandparents, petitioner's parents, who also lived in Indiana. During her high school years RW spent summers and vacations with petitioner in San Diego. In 2002, RW lived in San Diego with petitioner from the second week of June to the second or third week of August.

When petitioner moved to San Diego to attend law school, she rented a two-bedroom apartment. The apartment had a separate bedroom for RW, which contained some of RW's belongings. Petitioner paid for all of RW's private school tuition (estimated at $3,000 to $4,000 per year), paid for her travel to and from

Indiana and California (estimated at $400 per round trip), sent her money throughout the school year, and bought her clothing. Petitioner was not required to pay rent to her parents for RW's living arrangements, but she did send money to her parents on occasion.

In April 2002, petitioner completed a financial aid form for RW's tuition. On the form, petitioner indicated that she was RW's noncustodial parent and that RW's father claimed RW as a dependent for tax year 2002. Petitioner listed Mr. Wilson as the person allowed to claim the dependency exemption deduction because the IRS had advised her in past years that Mr. Wilson had claimed RW and she assumed that Mr. Wilson would continue to claim RW as a dependent. Petitioner identified herself as the noncustodial parent because she lived in California and RW's school was in Indiana.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2002, as a head of household and claimed an earned income credit. As previously indicated, petitioner did not claim RW as a dependent; however, Mr. Wilson did claim RW as a dependent on his 2002 return.[3]

---

[3] During the trial petitioner appeared to question whether in fact she might be entitled to the dependency exemption for RW. It is not entirely clear whether petitioner intended to place the dependency exemption in issue. Assuming that it was in issue, we would conclude, on the basis of this record, that petitioner was not entitled to a dependency exemption deduction for RW. The

(continued...)

In the notice of deficiency, respondent determined that: (1) Petitioner does not qualify for head-of-household filing status, and (2) petitioner is not entitled an earned income credit.

Petitioner argues that she is entitled to head-of-household filing status and entitled to claim an earned income credit because she maintained a home that was her daughter's principal place of abode, and because sections 2(b) and 32(a) allow for a qualifying child's temporary absence from the home when the child attends an educational institution.

## Discussion

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Taxpayers generally bear the burden of proving the Commissioner's determinations are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden as to a factual issue relevant to the liability for tax may shift to the Commissioner if the taxpayer introduces credible evidence and

[3](...continued)
record does not establish that petitioner has satisfied the support test of sec. 152(e)(1)(A). Since petitioner's parents provided support (food and shelter) for RW during the school year, petitioner has not established the total amount of support for RW. See Blanco v. Commissioner, 56 T.C. 512, 514 (1971); Haywood v. Commissioner, T.C. Memo. 2002-258.

satisfies the requirement to substantiate items. Sec. 7491(a)(2)(A). Petitioner has not offered any evidence that she satisfies any of the criteria of section 7491(a)(2)(A). The burden of proof has not shifted to respondent; therefore, it remains on petitioner.

1.  Head of Household

Section 1(b) imposes a special tax rate on an individual filing as a head of household. As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as his or her home a household that for more than one-half of the taxable year constitutes the principal place of abode of an unmarried child of the individual. Sec. 2(b)(1)(A)(i).

Petitioner's eligibility for head-of-household filing status primarily depends on whether she maintained a home that for more than one-half of the taxable year was the principal place of abode of her daughter. A key factor in resolving this issue is whether RW's absence from petitioner's home, while attending high school in Indiana, can be considered a temporary absence.

In January 2000, petitioner moved from Indiana to San Diego, California, so that she could attend law school. RW lived with petitioner in Indiana before petitioner moved to San Diego. Petitioner's move to San Diego occurred in the middle of RW's eighth-grade school year. RW did not move to San Diego with petitioner. Before fall 2000, petitioner assumed that RW would

move with her to San Diego.  Instead, RW remained in Indiana, completed her eighth-grade year, then came to San Diego for the summer after the end of the school year.  RW had expressed reservations about living in San Diego and convinced petitioner to allow her to remain in Indiana to attend high school for the next 4 years.

Accordingly, petitioner did not maintain a principal place of abode for RW within the meaning of the statute.  RW did not move to San Diego to live with petitioner permanently.  RW did not consider petitioner's home in San Diego as her principal place of abode; therefore, petitioner did not maintain her home as the principal place of abode for RW.

A temporary absence, however, where the child fails to occupy the abode because of special circumstances, such as education or vacation, and where the child is absent for less than 6 months of the taxable year of the taxpayer, will not prevent the taxpayer from claiming the status of head of household.  Sec. 1.2-2(c)(1), Income Tax Regs.  A child's absence will not prevent the taxpayer from being considered as maintaining a household if:  "(i) it is reasonable to assume that the taxpayer or such other person will return to the household, and (ii) the taxpayer continues to maintain such household or a substantially equivalent household in anticipation of such return."  Id.

RW's absence from petitioner's principal place of abode was not a temporary absence. RW "did not wish to move away from her school" when petitioner moved to San Diego in 2000, and she did not travel to San Diego until the end of the school year. RW resided in two places in Indiana, her father's home and her grandparents' home. RW lived with petitioner for approximately 9 weeks during the summer of 2002. A short time before RW graduated from high school (years after 2002), RW rented an apartment in Indiana with some friends. RW continued to live in Indiana after she graduated from high school. RW's absence from petitioner's home was not temporary. RW never moved to San Diego with petitioner.

On the basis of the record, we conclude that petitioner did not maintain a household that was the principal place of abode of RW for more than one-half of the year. Respondent is sustained on this issue.

2. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any individual who has a qualifying child for the taxable year". A qualifying child includes a son or daughter of the taxpayer who has the "same principal place of abode [within the United States] as the taxpayer for more than one-half of such

taxable year". Sec. 32(c)(3)(A)(ii) and (B)(i)(I). "Principal place of abode" is not defined in the provisions relating to the earned income credit. However, the provisions dealing with head-of-household filing status are analogous. Sec. 2(b)(1); H. Conf. Rept. 101-964, at 1037 (1990), 1991-2 C.B. 560, 564; sec. 1.2-2(b) and (c), Income Tax Regs.

We have already concluded that petitioner did not maintain a principal place of abode for RW as it relates to her status of head of household. We come to the same conclusion here. Petitioner did not provide a principal place of abode for RW for more than half of the 2002 taxable year. Respondent is sustained on this issue.

Petitioner may, however, still qualify for the earned income credit. An individual who does not have a qualifying child may be eligible under section 32(a) for an earned income credit, subject to, among other things, phaseout limitations. Merriweather v. Commissioner, T.C. Memo. 2002-226; Briggsdaniels v. Commissioner, T.C. Memo. 2000-105, affd. 2 Fed. Appx. 848 (9th Cir. 2001). An individual who does not have a qualifying child is eligible for an earned income credit if: (1) The individual's principal place of abode is in the United States; (2) the individual, or his or her spouse, has attained the age of 25 but not the age of 65 at the close of the taxable year; and (3) the

individual is not a dependent for whom a deduction is allowed under section 151.  Sec. 32(c)(1)(A)(ii).

On this record, the Court was satisfied that petitioner was at least 25 years of age and had not attained age 65 before 2002, and that she was not a dependent for whom a deduction was allowed under section 151.  However, petitioner would be eligible only if her modified adjusted gross income were less than $10,710.  See Rev. Proc. 2001-13, sec. 3.03(1), 2001-1 C.B. 337, 339.

We hold that petitioner does not qualify as a head of household, nor does petitioner qualify for the earned income credit under section 32(c)(1)(A)(i).  Petitioner may qualify for the earned income credit under section 32(c)(1)(A)(ii).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.