T.C. Summary Opinion 2005-149

UNITED STATES TAX COURT

JONATHAN W. BODIFORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20105-03S.          Filed October 12, 2005.

Jonathan W. Bodiford, pro se.

<u>Steven M. Webster</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $2,506 for the taxable year 2002.

The issues for decision are: (1) Whether petitioner is entitled to claim a dependency exemption deduction for JTMZ;[1] (2) whether petitioner is entitled to head-of-household filing status; and (3) whether petitioner is entitled to an earned income credit for taxable year 2002.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Barnwell, South Carolina, on the date the petition was filed in this case.

Petitioner began dating Katrina Laird (Ms. Laird) sometime during 1999. At that time, Ms. Laird was separated from her spouse but was not divorced. Ms. Laird had a child from her previous relationship. Petitioner and Ms. Laird dated and lived together, along with her child from the previous relationship, for nearly 3 years. Unbeknownst to Ms. Laird and petitioner, at the time they began dating Ms. Laird was pregnant. In 1999, Ms. Laird gave birth to JTMZ. Both Ms. Laird and petitioner believed that JTMZ was their child. Petitioner loved and cared for JTMZ as if he were petitioner's own child. Petitioner and Ms. Laird

---

[1]The Court uses only the minor child's initials.

had a child together, MLB, during their relationship. At all times, after birth, MLB lived with Ms. Laird. MLB is not at issue in the present case. By the taxable year 2002, petitioner and Ms. Laird parted company and no longer lived together. They did not implement a formal custody agreement when they parted company.

During 2002, petitioner worked part-time in construction and resided in a trailer on his parents' property.

In 2004, Ms. Laird requested that petitioner take a DNA paternity test to determine whether he was the father of JTMZ. The DNA paternity test verified that petitioner was not the father of JTMZ.

Petitioner electronically filed his timely Form 1040, U.S. Individual Income Tax Return, for the taxable year 2002. In his 2002 Federal income tax return, petitioner claimed JTMZ as his dependent. Petitioner also claimed head-of-household filing status and an earned income credit with JTMZ as the qualifying child.

On September 10, 2003, respondent issued a notice of deficiency denying petitioner: (1) The claimed dependency exemption deduction, (2) head-of-household filing status, and (3) the claimed earned income credit for taxable year 2002.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Credible evidence is "'the quality of evidence which, after critical analysis, * * * [a] court would find sufficient * * * to base a decision on the issue if no contrary evidence were submitted.'"[2] Baker v. Commissioner, 122 T.C. 143, 168 (2004) (quoting Higbee v. Commissioner, 116 T.C. 438, 442 (2001)). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to any of the

---

[2]We interpret the quoted language as requiring the taxpayer's evidence pertaining to any factual issue to be evidence the Court would find sufficient upon which to base a decision on the issue in favor of the taxpayer. See Bernardo v. Commissioner, T.C. Memo. 2004-199.

issues in the case at bar.  Therefore, petitioner bears the burden of showing that he is entitled to claim a dependency exemption deduction for JTMZ; that he is entitled to head-of-household filing status; and that he is entitled to an earned income credit for taxable year 2002.

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

1.  Deduction for Dependency Exemption

As previously stated, on his 2002 Federal income tax return, petitioner claimed a dependency exemption deduction for JTMZ. Respondent disallowed the deduction in the notice of deficiency.[3]

Section 151 allows deductions for personal exemptions. Besides providing exemptions for the taxpayer and, in certain circumstances, the taxpayer's spouse, section 151 provides exemptions for dependents of the taxpayer.  See sec. 151(c). Section 152(a) defines the term "dependent", in pertinent part,

---

[3]The notice of deficiency did not question the paternity of JTMZ.  Instead, the Commissioner, in the notice of deficiency, denied petitioner the dependency exemption deduction, head-of-household filing status, and the earned income credit because petitioner did not establish that his residence constituted the principal place of abode for JTMZ for more than one-half of the taxable year, nor did petitioner substantiate that he provided more than one-half of JTMZ's support for taxable year 2002.

to include "A son or daughter of the taxpayer[4] * * * over half of whose support, for the calendar year * * * was received from the taxpayer". "Support" includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In determining whether an individual received more than one-half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources. Id. A special support test applies to certain parents. Section 152(e) provides:

> SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--
>
> > (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--
> >
> > > (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--
> > >
> > > > (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
> > > >
> > > > (ii) who are separated under a written separation agreement, or
> > > >
> > > > (iii) who live apart at all times during the last 6 months of the calendar year, and

---

[4]As previously noted, the Commissioner did not question the paternity of JTMZ; therefore, we consider JTMZ to have met the relationship test of sec. 152(a). We also consider JTMZ to have met the age requirement of sec. 151(c).

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

(2) Exception where custodial parent releases claim to exemption for the year.--A Child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

If the requirements of section 152(e)(1) are met, the child is treated as having received over half of his support from the custodial parent, and the custodial parent is entitled to the dependency exemption deduction. The noncustodial parent can gain entitlement to the deduction if the custodial parent executes a valid written declaration under section 152(e)(2) releasing the claim to the deduction. The declaration may apply to 1 year, a set number of years, or all future years. Sec. 1.152-4T(a), Q&A-

4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Petitioner testified that JTMZ resided with him during the entire taxable year 2002. Petitioner did not offer into evidence any documentation to substantiate his claim that JTMZ resided with him during the taxable year 2002. At trial, petitioner had letters that were typed by Ms. Laird claiming that JTMZ resided with petitioner during taxable year 2002. These letters were signed by Ms. Laird, petitioner's minister, and petitioner's father. However, these letters were never received into evidence in this case. On the basis of the record and the facts of the present case, we find that petitioner did not substantiate that JTMZ resided with him during the taxable year 2002. Therefore, we conclude that petitioner was not the custodial parent of JTMZ for taxable year 2002. We further conclude that the letter signed by Ms. Laird, referred to above, does not constitute a valid written declaration under section 152(e)(2) releasing the claim to the deduction. Petitioner, therefore, is not entitled to the dependency exemption deduction for taxable year 2002 with respect to JTMZ. Secs. 151(a), (c), and 152(a). Respondent's determination on this issue is sustained.

2. Head of Household

As previously stated, petitioner claimed head-of-household filing status on his 2002 Federal income tax return, and

respondent changed the filing status to single in the notice of deficiency.

Section 1(b) imposes a special income tax rate on an individual filing as head of household. As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as his or her home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child of the taxpayer. Sec. 2(b)(1)(A)(i).

As previously stated, petitioner is unable to establish that his residence constituted the principal place of abode for JTMZ for more than one-half of the taxable year. Petitioner has not claimed that any other individual resided in his household. It follows, therefore, that petitioner is not entitled to claim head-of-household filing status.

3. Earned Income Credit

As previously stated, petitioner claimed an earned income credit for taxable year 2002 with JTMZ as the qualifying child. In the notice of deficiency, respondent disallowed the earned income credit in full.

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Earned income includes wages. Sec. 32(c)(2)(A). Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as "any

individual who has a qualifying child for the taxable year". A "qualifying child" is one who satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3). The pertinent parts of section 32(c)(3) provide:

(3) Qualifying Child.--

(A) In general.--The term "qualifying child" means, with respect to any taxpayer for any taxable year, an individual--

(i) who bears a relationship to the taxpayer described in subparagraph (B),

(ii) who has the same principal place of abode as the taxpayer for more than one-half of such taxable year, and

(iii) who meets the age requirements of subparagraph (C).

As previously stated, petitioner has not established that his residence was the principal place of abode for JTMZ for more than one-half of the taxable year 2002. We find that JTMZ fails the residency test of section 32(c)(3)(ii); therefore, we need not, and do not decide whether he satisfies the relationship test of section 32(c)(3)(B) or the age test under section 32(c)(3).

Petitioner may, however, still qualify for an earned income credit. An individual who does not have a qualifying child may be eligible under section 32(a) for an earned income credit, subject to, among other things, phaseout limitations. Merriweather v. Commissioner, T.C. Memo. 2002-226; Briggsdaniels v. Commissioner, T.C. Memo. 2000-105, affd. 2 Fed. Appx. 848 (9th

Cir. 2001).  An individual who does not have a qualifying child is eligible for an earned income credit if:  (1) The individual's principal place of abode is in the United States; (2) the individual, or his or her spouse, has attained the age of 25 but not the age of 65 at the close of the taxable year; and (3) the individual is not a dependent for whom a deduction is allowed under section 151.  Sec. 32(c)(1)(A)(ii).  Further, for the year in issue, individuals who do not have any qualifying children and whose earned income is $11,060 or greater are not entitled to an earned income credit for that year.  See Rev. Proc. 2001-13, sec. 3.03(1), 2001-1 C.B. 337, 339.

On this record, the Court is unable to determine whether petitioner is eligible for an earned income credit under section 32(c)(1)(A)(ii).

Conclusion

We hold that petitioner is not entitled to claim a dependency exemption deduction for JTMZ for taxable year 2002. Petitioner also is not entitled to head-of-household filing status for taxable year 2002, or an earned income credit under section 32(c)(1)(A)(i) for taxable year 2002.  Petitioner may qualify for an earned income credit under section 32(c)(1)(A)(ii).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.