T.C. Summary Opinion 2005-107


UNITED STATES TAX COURT


KEITH R. AND CHRISTINE M. VOGT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2431-04S.                    Filed July 27, 2005.


Keith R. and Christine M. Vogt, pro se.

<u>John W. Strate</u>, for respondent.



COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent determined a deficiency of $1,973 in petitioners' Federal income tax for the year 2001. The issues for decision are: (1) Whether assistance payments paid to petitioners by the State of California, Department of Social Services, In-Home Supportive Services program (IHSS), to care for petitioners' disabled son constitute gross income under section 61, and (2) whether petitioners are entitled to the earned income credit under section 32.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioners' legal residence at the time the petition was filed was Fresno, California.

Petitioners have a mentally disabled 17-year old son, referred to herein as "NV". NV has suffered from encephalopathy, an inflammation of the brain marked by varying degrees of impairment of speech, cognition, orientation, and arousal, since at least 1988. In addition, he suffers from Ashburger's disorder, a form of autism, and obsessive compulsive disorder. NV's disorders often result in violent behavior; consequently, he is generally heavily medicated. As a result, NV requires constant assistance and supervision throughout the day. In or before 1991, petitioner Keith Vogt (Mr. Vogt) left his job and became the sole caregiver for NV while petitioner Christine Vogt

(Mrs. Vogt) continued her employment in the legal department of a local hospital.

In 1991, IHSS determined that NV was entitled to receive State assistance to pay for required nonmedical care. Mr. Vogt provided that care and, in accordance with the requirements of the State agency, submitted bimonthly time sheets to IHSS certifying the number of hours he furnished services to his son. Mr. Vogt noted on all bimonthly time sheets submitted to IHSS the number of hours he actually worked exceeded the number of hours he was authorized to work. Bimonthly checks were issued by IHSS to petitioner after the submission of his time sheets. Petitioner received $14,982.22 during 2001 from IHSS for such services provided to his son.

When Mr. Vogt first began receiving checks from IHSS, he noticed there were no income taxes withheld. He contacted the State of California and was directed to a State auditor who assured Mr. Vogt that the payments to him did not constitute gross income. Mr. Vogt also questioned an IHSS social worker who visited the home periodically and was also assured that payments to families for care provided by parents to a minor child in the home did not constitute gross income. Petitioners relied on this advice even though the payments listed Mr. Vogt as an employee and his son, NV, as his employer. In addition, the IRS examined petitioners' 1991 Federal income tax return as to whether the

IHSS payments were income but, after conferring with petitioners, concluded that the IHSS payments were not considered gross income.

In this case, respondent cites Bannon v. Commissioner, 99 T.C. 59 (1992), as controlling. In Bannon, which involved circumstances very similar to those in the present case, in which a taxpayer gave her child round-the-clock total daily care, in excess of the hours listed on the taxpayer's biweekly timecard and paid for by the IHSS, the Court analyzed the law in detail and stated, id. at 66:

> Petitioner's situation is sympathetic. She is to
> be lauded for the beneficence and compassion she
> has shown to her disabled daughter. But we
> cannot grant petitioner the relief she seeks. *
> * *  We hold that petitioner's receipt of
> payments under California's in-home supportive
> services program did not constitute a welfare
> benefit to her and is therefore includable in her
> income for Federal income tax purposes.

Although the Court has only previously addressed the classification of IHSS payments as they apply to adult children, California law makes no distinction between adult children and minor children for purposes of IHSS payments. See Miller v. Woods, 148 Cal. App. 3d 862 (1983). Live-in relatives, whether caring for minor or adult children, receive the same level of compensation from IHSS as nonrelated contract workers. Id. at 877. Furthermore, although parents of a minor child are required by California law to volunteer their services to care for that

child, the California legislature clearly drafted IHSS legislation to allow compensation to a parent who leaves full-time employment to care for his disabled minor child. Cal. Fam. Code sec. 3900 (West 2004); Cal. Welf. & Inst. Code sec. 12300(e) (West Supp. 2005).[2] Therefore, IHSS payments received for the care of a minor child are not distinguishable under California law from IHSS payments received for the care of an adult child.

Petitioners contend that their 1991 Federal income tax return was examined by the IRS, and they were allowed an exclusion of the IHSS payment from gross income. They have relied on this audit by the IRS to exclude IHSS payments from gross income on their Federal income tax returns for all subsequent years.

The Court is satisfied that petitioners, in the past, have made good faith efforts to determine whether the subject IHSS payments constituted gross income. For at least 1 year, 1991, petitioners were allowed the exclusion of these payments from

---

[2]Cal. Welf. & Inst. Code sec. 12300(e) (West Supp. 2005) reads, in part:

> Where supportive services are provided by a person having the legal duty pursuant to the Family Code to provide for the care of his or her child who is the recipient, the provider of supportive services shall receive remuneration for the services only when the provider leaves full-time employment or is prevented from obtaining full-time employment because no other suitable provider is available and where the inability of the provider to provide supportive services may result in inappropriate placement or inadequate care.

gross income in an examination of their Federal income tax return by the IRS. Unfortunately, however, each taxable year stands alone, and the IRS may challenge in a succeeding year what was condoned or agreed to in a former year. Boatner v. Commissioner, T.C. Memo. 1997-379 (citing Auto. Club v. Commissioner, 353 U.S. 180 (1957)), affd. 164 F.3d 629 (9th Cir. 1998). Thus, taxpayers' returns must be in accord with the law even though the Commissioner may have previously accepted a position not in accordance with the law. In addition, the Commissioner is not bound by an agent's representations. Bornstein v. United States, 170 Ct. Cl. 576, 345 F.2d 558 (1965). Authoritative tax law is contained in statutes, regulations, and judicial decisions. Zimmerman v. Commissioner, 71 T.C. 367 (1978), affd. 614 F.2d 1294 (2d Cir. 1979). In accordance with the above discussion of the nature of the IHSS payments, the Court concludes that these payments constitute gross income. Respondent, therefore, is sustained.

The last issue is petitioners' claim to the earned income credit under section 32 for NV and another son on their 2001 income tax return. At trial, respondent agreed each of petitioners' children was a qualifying child with regard to the age, residency, and relationship tests of section 32. Respondent disallowed the credit due to the income limitation. Sec. 32(b)(2). Respondent stated, at trial, that the earned income

credit is not available for taxpayers with income in excess of $11,610.

Whereas the credit was once limited to taxpayers who earned less than $11,610, that limitation has since been raised. Rev. Proc. 2001-13, sec. 3, 2001-1 C.B. 337, 339. For tax years beginning in 2001, the "threshold phaseout amount" for a taxpayer with two dependents is $13,090. Id. Taxpayers who have an adjusted gross income of more than $13,090 in the taxable year may only claim a portion of the earned income credit. The portion a taxpayer may claim is found in the tables published in the instructions for the Form 1040 series. Furthermore, a taxpayer with two dependents whose adjusted gross income equals $32,121 has reached the "completed phaseout amount", and the taxpayer may not claim the earned income credit. Id.

Because the payments to Mr. Vogt from IHSS constituted gross income, petitioners earned in excess of $13,090 during 2001. Therefore, petitioners have reached the "threshold phaseout amount" and are only eligible to claim a portion of the earned income credit for 2001. They are not, however, precluded from claiming the entire credit because they have two qualifying children and their adjusted gross income was less than $32,121 for the tax year 2001. Petitioners, therefore, are entitled to a portion of the earned income credit on their 2001 tax return, as determined by the instructions in the Form 1040 series.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.