T.C. Memo. 2008-79

UNITED STATES TAX COURT

RONALD D. AND NADINE M. NEUFELD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8101-06.                    Filed April 2, 2008.

        R determined deficiencies and penalties pursuant
to sec. 6662(a), I.R.C., for Ps' 2001 and 2002 taxable
years.  The parties stipulated to Ps' taxable income
for 2001 and 2002.

        <u>Held</u>:  Ps are liable for the sec. 6662(a), I.R.C.,
penalty for 2001 and 2002.

        <u>Held, further</u>:  Ps are liable for the sec. 6673,
I.R.C., penalty.


        Ronald D. Neufeld and Nadine M. Neufeld, pro sese.

        <u>Christopher B. Sterner</u>, <u>Barbara M. Leonard</u>, <u>Kimberely J.</u>

<u>Peterson</u>, <u>Rachel L. Hester</u>, and <u>Matthew A. Mendizabal</u>, for

respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for redetermination of a deficiency.  After concessions,[1] the issues for decision are:[2]

(1) Whether petitioners are liable for the section 6662(a)[3] penalty for taxable years 2001 and 2002 in the amounts of $8,433 and $12,596, respectively;[4]

---

[1]The parties stipulated that petitioners' taxable income for 2001 and 2002 was $159,114 and $229,522, respectively.  On the basis of the stipulations, the recalculated deficiencies for 2001 and 2002, according to respondent, are $42,213 and $62,981, respectively.

[2]Although petitioners stipulated the amount of their taxable income for 2001 and 2002, see <u>supra</u> note 1, they continued to argue at trial and on brief that the deficiencies could not be sustained.  Their contention was based entirely on the meritless and frivolous argument that respondent was precluded from assessing tax liabilities because the Commissioner did not maintain tax tables in the Internal Revenue Code or regulations pursuant to sec. 1(f) for taxable years 1993 and later.  The IRS publishes tax tables for each tax year in revenue procedures and includes these tax tables in the instructions to Form 1040, U.S. Individual Income Tax Return, for each tax year.  See Rev. Proc. 2001-59, sec. 3.01, 2001-2 C.B. 623; Rev. Proc. 2001-13, sec. 3.01, 2001-1 C.B. 337; Instructions for 2002 Form 1040; Instructions for 2001 Form 1040.

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[4]The sec. 6662(a) penalty amounts are based on the stipulated taxable income amounts and respondent's revised deficiency computations.  See <u>supra</u> note 1.  The penalty amounts in the notice of deficiency were $12,746 and $16,349, for 2001 and 2002, respectively.

(2) whether to grant respondent's motion to impose sanctions pursuant to section 6673.

### FINDINGS OF FACT

Some of the facts have been stipulated by the parties. The stipulations, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Sonora, California.

During 2001 and 2002, Ronald D. Neufeld (Mr. Neufeld) operated a dentistry business reported on Schedule C, Profit or Loss From Business. As stipulated, petitioners' taxable income for 2001 and 2002 was $159,114 and $229,522, respectively. See supra note 1.

Petitioners' 2001 and 2002 joint Forms 1040, U.S. Individual Income Tax Return, and 2002 joint Form 1040X, Amended U.S. Individual Income Tax Return, were prepared by Richard Fisher (Mr. Fisher), a tax return preparer recommended by Mr. Neufeld's brother-in-law. Petitioners admitted that they did not independently look into Mr. Fisher's qualifications; instead, they relied on Mr. Neufeld's brother-in-law's recommendation.[5]

Mr. Neufeld used the computer accounting program Quicken to track the income and expenses of his dentistry business for

---

[5]At trial, Mr. Neufeld stated that when he met Mr. Fisher for the first time, he thought he was a competent accountant and tax-preparer because "He had certificates on the wall and lots of them. He seemed to be really organized. It was a nice office. And so I had no reason to believe or to doubt his competence."

taxable years 2001 and 2002 and provided Mr. Fisher with a printed register created by Quicken (Quicken registers). Mr. Fisher used the information in Mr. Neufeld's Quicken registers to prepare petitioners' 2001, 2002, and amended 2002 joint Federal income tax returns.

Neither petitioner met with Mr. Fisher to discuss their Federal income tax returns or their tax liabilities for 2001 or 2002. After completing petitioners' Federal income tax returns using the information in Mr. Neufeld's Quicken registers, Mr. Fisher mailed the returns to petitioners along with a "little memo, [regarding] the amount of tax that * * * [petitioners] [owed]." Petitioners signed their 2001 and 2002 joint Federal income tax returns without examining them and mailed their returns to the IRS.[6]

Petitioners filed their 2001 joint Federal income tax return on October 1, 2002, which reflected a tax liability of $15,136. Petitioners filed their 2002 joint Federal income tax return on August 8, 2003, which reflected a tax liability of $20,532. Petitioners filed an amended joint Federal income tax return for 2002 on August 5, 2004, which reflected a tax liability of

---

[6]Petitioners admitted that "Due to their complete reliance on their accountant, and inability to understand tax forms, neither Petitioner examined either return prior to signing or submitting them." Mr. Neufeld testified that "I do not even look them [tax returns] over because they're complicated, to me. * * * I write a check and I put them in the mail and I send them."

$16,253.  Petitioners did not discuss their 2002 amended return, nor the reason they were filing an amended return, with Mr. Fisher.

On February 2, 2006, respondent issued to petitioners the aforementioned notice of deficiency that reflected deficiencies of $63,731 and $81,746 for taxable years 2001 and 2002, respectively, and penalties pursuant to section 6662(a) of $12,746 and $16,349 for taxable years 2001 and 2002, respectively.  On May 1, 2006, this Court received a letter from petitioners in response to the notice of deficiency and filed the letter as a petition.  By order dated May 3, 2006, petitioners were ordered to file a proper amended petition on or before June 19, 2006.  The time for petitioners to file a proper amended petition was subsequently extended to July 19, 2006.  On June 21, 2006, petitioners filed with the Court their amended petition, which stated in pertinent part:

> The deficiencies set forth in the notice of deficiency are based on the following errors:
>
> i. Respondent's erroneous disallowance of several incurred expenses, including office, insurance, vehicle, wage, legal and professional, taxes and licenses, commissions and fees, and depreciation and capital losses;
>
> ii. asserting there were additions to tax under IRC § 6662;
>
> iii. the person who issued the deficiency notice lacked any delegated authority for doing so, and the office issuing the notice lacks jurisdiction over Petitioner's geographic location;

iv. The tax figures asserted by Respondent are not based on any tax table or other valid authority.

OPINION

I. Section 6662 Penalty

Under section 7491(c), respondent bears the burden of production with respect to petitioners' liability for the section 6662(a) penalty. This means that respondent "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

The Court concludes that respondent has met the section 7491(c) burden of production with respect to the accuracy-related penalty. As explained below, the Court ultimately finds unavailing petitioners' argument that they are not liable for the accuracy-related penalty for 2001 and 2002 because they acted with reasonable cause and in good faith by relying on Mr. Fisher to prepare their 2001 and 2002 joint Federal income tax returns.

Subsection (a) of section 6662 imposes an accuracy-related penalty of 20 percent of any underpayment that is attributable to causes specified in subsection (b). Among the causes justifying the imposition of the penalty is any substantial understatement of income tax.

There is a "substantial understatement" of income tax for any taxable year where the amount of the understatement exceeds

the greater of (1) 10 percent of the tax required to be shown on the return for the taxable year or (2) $5,000.[7] Sec. 6662(d)(1)(A)(i) and (ii).  However, the amount of the understatement is reduced to the extent attributable to an item (1) for which there is or was substantial authority for the taxpayer's treatment thereof, or (2) with respect to which the relevant facts were adequately disclosed on the taxpayer's return or an attached statement and there is a reasonable basis for the taxpayer's treatment of the item.  See sec. 6662(d)(2)(B).

There is an exception to the section 6662(a) penalty when a taxpayer can demonstrate (1) reasonable cause for the underpayment and (2) that the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c)(1).  Regulations promulgated under section 6664(c) further provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances."  Sec.  1.6664-4(b)(1), Income Tax Regs.

---

[7]There is a substantial understatement of income tax for each of petitioners' 2001 and 2002 taxable years.  For their 2001 taxable year, petitioners reported a $15,136 tax liability on their joint Federal income tax return.  On the basis of the stipulations, petitioners' tax liability for 2001 is $57,349, which results in a $42,213 understatement.  See supra note 1.  For their 2002 taxable year, petitioners reported a $16,253 tax liability on their amended joint Federal income tax return.  On the basis of the stipulations, petitioners' tax liability for 2002 is $79,234, which results in a $62,981 understatement.  See supra note 1.

Reliance upon the advice of a tax professional may, but does not necessarily, establish reasonable cause and good faith for the purpose of avoiding a section 6662(a) penalty.  See United States v. Boyle, 469 U.S. 241, 251 (1985) ("Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute.").  Such reliance does not serve as an "absolute defense"; it is merely a "factor to be considered."  Freytag v. Commissioner, supra at 888.

The case law sets forth the following three requirements in order for a taxpayer to use reliance on a tax professional to avoid liability for a section 6662(a) penalty:  (1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the tax adviser, and (3) the taxpayer actually relied in good faith on the adviser's advice.  See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).  However, by itself, unconditional reliance on a preparer or adviser does not always constitute reasonable reliance; the taxpayer must also exercise "diligence and prudence".  Marine v. Commissioner, 92 T.C. 958, 992-993 (1989), affd. 921 F.2d 280 (9th Cir. 1991).

In the instant case, the notice of deficiency included the imposition of the section 6662(a) penalty for taxable years 2001

and 2002 on the basis that there was a substantial understatement of petitioners' tax liability for those years. The understatements of petitioners' income tax for each of those years were attributable to petitioners' failure to report income from Mr. Neufeld's dentistry business. Petitioners focused their section 6662(a) penalty arguments solely on their reliance on Mr. Fisher to prepare their Federal income tax returns.

With respect to the third prong of the <u>Neonatology</u> test, petitioners did not rely in good faith on Mr. Fisher's advice. Petitioners did not meet with Mr. Fisher or otherwise discuss with him their 2001 and 2002 joint Federal income tax returns or 2002 amended return, and they did not examine their returns before signing and submitting them to the IRS. See <u>supra</u> note 6. Taxpayers have a duty to read their returns to ensure that all income items are included. <u>Magill v. Commissioner</u>, 70 T.C. 465, 479-480 (1978), affd. 651 F.2d 1233 (6th Cir. 1981). Petitioners did not ensure that all of the income from Mr. Neufeld's dentistry business was included in their 2001 and 2002 joint Federal income tax returns.

A taxpayer's duty to file an accurate tax return cannot be avoided simply by delegating responsibility to an agent. <u>Pritchett v. Commissioner</u>, 63 T.C. 149, 174 (1974). Petitioners' unconditional reliance on Mr. Fisher does not, on the facts, constitute reasonable reliance and does not excuse their failure

to closely examine their 2001 and 2002, and amended 2002, joint Federal tax income returns.  See Marine v. Commissioner, supra at 992-993; Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662-663 (1987) (reliance on accountant with complete information regarding taxpayer's business activities not reasonable cause where taxpayer's cursory review of return would have revealed errors).  As the Court has determined that petitioners have not satisfied the third prong of the Neonatology test, the Court need not, and does not, decide whether petitioners satisfied the first or second prong.

Petitioners have not demonstrated good faith and reasonable cause for their underpayments for 2001 and 2002.  Accordingly, the Court sustains respondent's determination that petitioners are liable for the section 6662(a) accuracy-related penalty for substantial understatements of income tax for taxable years 2001 and 2002.

II.  Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless.  "A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument

for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).

Respondent, on motion, has asked the Court to impose a penalty under section 6673(a)(1). On October 2, 2006, respondent mailed to petitioners a letter that informed them that their arguments were frivolous and warned them that if they persisted with their arguments, then respondent might request the section 6673 penalty. Petitioners raised frivolous and meritless tax-protester arguments in their petition, at trial, and on brief, and repeatedly sent to respondent documents that contained frivolous and meritless tax-protester arguments. See, e.g., <u>supra</u> note 2. The Court concludes that petitioners are liable for a section 6673 penalty in the amount of $1,000.

The Court has considered all of petitioners' contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision under Rule 155 will be entered</u>.