**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHLEEN BACHMAN,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellee.

No. 07-9009
(T.C. No. 10959-04)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

Kathleen Bachman, proceeding pro se, appeals from the United States Tax

Court's (1) denial of her motion for summary judgment; (2) grant of the

Commissioner of Internal Revenue's motion for summary judgment; (3) denial of

her request for discovery; (4) decision that she must pay a deficiency of $6010.00

and a $762.75 addition to tax under 26 U.S.C. § 6651(a)(1) for failure to file a

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

valid tax return for 1994, a $1054.00 deficiency and a $175.50 addition to tax for

1998, a $4934.00 deficiency and a $467.50 addition to tax for 1999, and a

$5541.00 deficiency and a $506.00 addition to tax for 2000; and (5) imposition of

a $4000.00 sanction under 26 U.S.C. § 6673(a)(1).  The Commissioner has filed a

motion for sanctions in the amount of $8000.00, arguing that this appeal is

frivolous.  Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm the

Tax Court's decisions, but we deny the Commissioner's motion for sanctions.

## I.

Ms. Bachman filed federal income tax returns in 1994, 1998, 1999, and

2000 indicating she had no income and requesting a refund of the income taxes

withheld by her employers.  She appended to each return the W-2 forms from her

employers and statements making various tax protestor arguments that wages are

not taxable income.  The Commissioner issued notices of deficiency to

Ms. Bachman for each year, asserting both the deficiencies in her payment of

income taxes and the failure-to-file penalties under § 6651(a)(1).  In her second

amended petition for redetermination, she alleged that the Commissioner

"erroneously relied on unidentified purported third-party reports which

purportedly alleged [she] was paid unreported income," that the Commissioner

arbitrarily asserted penalties, and that the signer of the deficiency notices lacked

delegated authority to do so.  I R., Doc. 10 at 2.

During discovery, she asked the Commissioner to admit that there are no published tax tables as required by 26 U.S.C. § 1(f). Additionally, she moved for summary judgment, asserting that because the amounts of deficiency were not based in § 1, the Commissioner's notices of deficiency were arbitrary and without statutory authority. Further, she contended that the failure-to-file penalties were improper since there was no authority for any deficiency assessments. The Commissioner responded that the Revenue Procedures contained the tax tables for the years in question. The Tax Court denied Ms. Bachman's motion for summary judgment.

Because Ms. Bachman failed to comply with the Commissioner's discovery requests and the Tax Court's discovery orders, the court granted the Commissioner's sanctions motion, holding that if the case went to trial, testimony or documentary evidence she offered would not be admitted if it was contemplated by the Commissioner's discovery requests. Following this order, the Commissioner moved for summary judgment and requested sanctions under § 6673. The Commissioner argued that summary judgment was warranted because the notices of deficiency were based on the tax returns filed by Ms. Bachman and third-party information, she made no arguments concerning the income adjustments in the deficiency notices, her frivolous arguments have been rejected, and the penalties were justified because she had not filed valid tax returns or provided any reason for failing to do so. Also, the Commissioner

argued that sanctions under § 6673 were appropriate because her arguments were frivolous, she instituted the proceedings for purposes of delay, and she failed to comply with the Tax Court's discovery orders. Ms. Bachman responded that the Commissioner submitted unauthenticated documents and inadmissible hearsay and that even if the Commissioner had presented admissible evidence, his argument was contradictory because he first claimed she filed tax returns and then, for purposes of the § 6651(a)(1) penalties, contended she did not.

The Tax Court granted the Commissioner's motion for summary judgment and ordered a $4000.00 sanction. The court reasoned:

> The disgraceful manner in which [Ms. Bachman] has elected to proceed in this case has caused unnecessary waste of resources by the Court and [the Commissioner]. The resultant procedural history of this case, however, now leaves us little to do other than grant, without further explanation, [the Commissioner's] motion. Her behavior in this case, coupled with the manner in which [she] elected to submit a Form 1040, U.S. Individual Income Tax Return for each year in issue makes it clear that the imposition of a I.R.C. § 6673 is appropriate.

IV R., Doc. 53 at 1. Ms. Bachman appealed.

## II.

### A.

She first argues that the Tax Court erred in granting the Commissioner's motion for summary judgment. "We review Tax Court decisions 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" *Olpin v. Comm'r*, 270 F.3d 1297, 1298 (10th Cir. 2001)

(quoting § 7482(a)(1)). Thus, we review the Tax Court's summary judgment determination de novo. *Id.* Summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." T.C. Rule 121(b).

Ms. Bachman continues to argue that the Commissioner's deficiency assessment was arbitrary because the Commissioner provided no statutory or regulatory evidence of tax tables and provided no evidence that the amounts of tax alleged due in the notices of deficiency were based upon computations from the tax tables. The Commissioner, however, cited § 1 as the basis for taxation and established that the Revenue Procedures printed the relevant tax tables referred to in § 1(f) for the years at issue. The Revenue Procedures provide sufficient authority for the deficiency notices. *Cf. Neufeld v. Comm'r*, 95 T.C.M. (CCH) 1311, 2008 WL 877841, at *1 n.2 (2008) (deciding that argument that Commissioner was precluded from assessing tax liabilities because tax tables were not maintained in Internal Revenue Code or regulations pursuant to § 1(f) was meritless and frivolous where tax tables were published in Revenue Procedures and in instructions to Form 1040).

Ms. Bachman also argues that the Commissioner supported its summary judgment motion with hearsay and unauthenticated materials. We need not

address this issue, as Ms. Bachman does not dispute the amounts of the deficiency assessments, and she admits that the notices of deficiency were properly admitted since she had attached them to her petition for redetermination, IV R., Doc. 50 at 3; *see also* I R., Doc. 6, Attachs. Thus, it is clear she failed to bear her burden of showing the deficiency determinations were incorrect. *See Schelble v. Comm'r*, 130 F.3d 1388, 1391 (10th Cir. 1997).

Also, we reject her argument that the Commissioner cannot first present her filed returns and then assert that penalties should be imposed because she did not file any returns. Her filed returns were not valid returns. *See United States v. Rickman*, 638 F.2d 182, 184 (10th Cir. 1980) (deciding that return that asserts no income is not valid return). Because she offered no reasonable justification for failing to file valid tax returns, the § 6651(a)(1) penalties were warranted.

## B.

Second, Ms. Bachman argues the Tax Court erred in denying her motion for summary judgment because the Commissioner never identified any authority for the tax deficiencies and therefore its deficiency calculations were arbitrary and invalid. Based on our discussion above, we conclude the Tax Court correctly denied her summary-judgment motion.

## C.

Third, Ms. Bachman argues that the Tax Court improperly summarily denied her motion seeking further discovery responses from the Commissioner.

Based on our review of the record, we agree with the Tax Court that the Commissioner adequately responded to her discovery request.

D.

Lastly, Ms. Bachman argues that the Tax Court's $4000.00 sanction must be vacated because it is arbitrary, the Commissioner did not support the motion for a sanction, and the Tax Court stated no reason for imposing the sanction. Additionally, she argues that the sanction violated her First Amendment right to petition.

The Tax Court is authorized to require a taxpayer to pay a penalty not to exceed $25,000.00 when it appears that the taxpayer instituted the proceeding primarily for delay and her position is frivolous or groundless. 26 U.S.C. § 6673(a)(1)(A)-(B). We conclude the Tax Court did not abuse its discretion in sanctioning Ms. Bachman. *See Lewis v. Comm'r*, 523 F.3d 1272, 1274 (10th Cir. 2008) (reviewing imposition of sanction for abuse of discretion). The sanction was not arbitrary. As the Commissioner argued, a sanction was appropriate because Ms. Bachman made frivolous arguments, engaged in delaying tactics, and failed to comply with discovery orders. Indeed, the Commissioner repeatedly warned her during the Tax Court proceedings that her arguments were frivolous. And the Tax Court found the sanction was proper based on her actions during that court's proceedings. Also we conclude that the sanction did not violate her right to petition. *See United States v. Ambort*, 405 F.3d 1109, 1117 (10th Cir. 2005)

("[T]he First Amendment provides no protection for knowingly fraudulent or frivolous claims."); *see also Larsen v. Comm'r*, 765 F.2d 939, 941 (9th Cir. 1985) (per curiam) (rejecting taxpayer's argument that § 6673 unconstitutionally infringes on right to petition for redress of grievances, because First Amendment right to petition does not include right to maintain groundless litigation).[1]

### III.

The Commissioner moves for sanctions pursuant to 28 U.S.C. § 1912 and Fed. R. App. P. 38, contending an $8000.00 sanction is warranted because this appeal is frivolous. Although we have discretion to award a sanction for a frivolous appeal such as this one, we conclude that the Commissioner has not provided "adequate factual support for the $8,000 lump sum he requests." *See Wheeler v. Comm'r*, 521 F.3d 1289, 1291-92 (10th Cir. 2008); *see also Wheeler v. Comm'r*, No. 07-9001, ___ F.3d ___, 2008 WL 2345940, at *8 (10th Cir. June 10, 2008) (discussing first *Wheeler* decision). We therefore deny the Commissioner's motion for sanctions.

---

[1] To the extent Ms. Bachman makes other arguments in her pro se briefs, we reject those arguments.

## IV.

The Tax Court's decision is AFFIRMED.  The government's motion for an

$8000.00 sanction is DENIED.


<div style="margin-left:50%">

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

</div>